BERNARD WOODS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 567-2009.
Supreme Court of Delaware.
Submitted: February 26, 2010.
Decided: April 26, 2010.
Before HOLLAND BERGER, and JACOBS, Justices.
ORDER
CAROLYN BERGER, Justice.
This 26th day of April 2010, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:
(1) The appellant, Bernard Woods, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. Woods raises three issues in his opening brief on appeal. We find no merit to any of his arguments. Accordingly, we affirm the judgment of the Superior Court.
(2) The record reflects that Woods pled guilty in February 2008 to one count each of trafficking, delivery of cocaine, possession of a deadly weapon during the commission of a felony, possession of a deadly weapon by a person prohibited, and second degree conspiracy. In exchange for his guilty plea, the State agreed to dismiss other charges against him, to recommend a sentence of no more than 15 years incarceration, and not to seek habitual offender sentencing. Following his plea, the Superior Court immediately sentenced Woods, in accordance with his plea agreement, to a total period of 29 years at Level V incarceration, to be suspended after serving a mandatory sentence of 15 years for a period of drug treatment and probation.
(3) Woods did not file a direct appeal with this Court. Instead, in April 2008, Woods filed a motion for sentence reduction, which the Superior Court denied. Again, Woods did not appeal. In July 2008, he filed a motion for postconviction relief, which he was permitted to amend. After receiving responses from defense counsel and counsel for the State, a Superior Court Commissioner issued a report recommending that Woods' motion be denied. On September 10, 2009, the Superior Court denied Woods' motion. This appeal followed.
(4) In his opening brief on appeal, Woods contends that: (i) the prosecutor engaged in misconduct by presenting false information to the grand jury; (ii) the prosecutor engaged in misconduct by coercing Woods to plead guilty; and (iii) his trial counsel was ineffective.[1] The Superior Court found that Woods' claims of prosecutorial misconduct were procedurally barred because he had raised similar claims, which were rejected, when the Superior Court denied Woods' motion for sentence reduction.[2] The Superior Court rejected Woods' ineffective assistance of counsel claim on its merits.
(5) On appeal from the denial of postconviction relief, this Court first must consider the procedural requirements of Rule 61 before addressing any substantive issues.[3] Rule 61(i)(4) bars litigation of any claim that previously was adjudicated unless reconsideration of the claim is warranted in the interest of justice. In this case, Woods argued in his motion for sentence reduction, which the Superior Court denied, that the prosecutor had engaged in misconduct and maliciously prosecuted him based on "fraudulent" weapon evidence. We find no error in the Superior Court's refusal to reconsider this previously adjudicated issue, even though Woods had restated his claim.[4] Accordingly, we reject Woods' first two arguments on appeal.
(6) To prevail on his claim of ineffective assistance of counsel, Woods was required to establish that (i) his trial counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, he would not have pled guilty but would have insisted on going to trial.[5] Woods was required to set forth and substantiate concrete allegations of actual prejudice[6] in order to overcome the "strong presumption" that counsel's representation was professionally reasonable.[7]
(7) In this case, Woods contended that his counsel was ineffective for failing to pursue a motion to suppress and for coercing Woods into pleading guilty to "fraudulent" weapon offenses, which were the result of an illegal search and seizure. The record, however, does not support Woods' argument. Defense counsel did, in fact, file a pretrial motion to suppress, along with other pretrial motions. In the course of the plea bargaining process, the prosecutor informed defense counsel that if Woods pursued a hearing on his pretrial motions, then the State would not offer a plea avoiding habitual offender sentencing. After defense counsel discussed the matter with him, Woods chose to accept the plea in lieu of pursuing his pretrial motions.
(8) During the course of the plea colloquy, Woods expressed satisfaction with the representation provided by his counsel. He also acknowledged that he was pleading guilty because he, in fact, was guilty. He acknowledged his understanding that he was waiving certain rights by pleading guilty, including his right to pursue the pretrial suppression motion. The Superior Court specifically found that Woods was competent to enter a plea and that his plea was entered knowingly, intelligently, and voluntarily. The trial court reviewed the sentence with Woods, and Woods acknowledged it was the sentence he agreed to in his plea form. Woods also stated under oath that no one had coerced him into entering a plea.
(9) Under these circumstances, we find no error in the Superior Court's denial of Woods' claim of ineffective assistance of counsel. In the absence of clear and convincing evidence to the contrary, Woods is bound by the answers on his guilty plea form and his sworn statements to the judge during the plea colloquy.[8]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] To the extent Woods' postconviction motion and amendments raised additional issues that were not included in his opening brief on appeal, those claims are deemed waived. Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993). We do not address them here.
[2] See Del. Super. Ct. Crim. R. 61(i)(4) (2010) (holding that any postconviction claim that was previously adjudicated is thereafter barred unless reconsideration of the claim is warranted in the interests of justice).
[3] Younger v. State, 580 A.2d 552, 554 (Del. 1990).
[4] Skinner v. State, 607 A.2d 1170, 1172 (Del. 1992) (court is not required to reconsider a previously adjudicated postconviction claim that has been "refined or restated").
[5] Albury v. State, 551 A.2d 53, 58-59 (Del. 1988) (citing Hill v. Lockhart, 474 U.S. 52 (1985)). See also Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
[6] Younger v. State, 580 A.2d at 556.
[7] Strickland v. Washington, 466 U.S. at 689.
[8] Somerville v. State, 703 A.2d 629, 632 (Del. 1997).