IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BERNARD WOODS, | § | |
| | § | No. 496, 2014 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0708031045 |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: November 19, 2014
Decided: January 27, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 27th day of January 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1) The appellant, Bernard Woods, filed this appeal from the Superior Court's denial of his third motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61").[1] The appellee, State of Delaware, has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of Woods' opening brief that the appeal is without merit. We agree and affirm.

---

[1] *State v. Woods*, 2014 WL 4364903 (Del. Super. Aug. 27, 2014).

(2) It appears from the record that Woods pled guilty in 2008 to two drug offenses, two weapons offenses, and one count of second degree conspiracy. Two months after his guilty plea and sentencing, Woods filed a motion for reduction of sentence, which was denied. Two months after the denial of his motion for reduction of sentence, Woods filed his first motion for postconviction relief.

(3) Woods' postconviction motion raised overlapping claims of prosecutorial misconduct, ineffective assistance of counsel, insufficient evidence, and involuntary guilty plea, based on allegations that he was coerced into pleading guilty to "fraudulent" weapon offenses. After receiving responses from defense counsel and the State, a Superior Court Commissioner issued a report recommending that the motion be denied as procedurally barred and without merit. The Commissioner found that the prosecutorial misconduct claim was barred under Rule 61(i)(4) because Woods had raised a similar claim of "malicious prosecution" in his unsuccessful motion for reduction of sentence. The Commissioner found that the involuntary guilty plea claim was not supported by the record. After analyzing the claims of ineffective assistance of counsel and insufficient evidence, the Commissioner found that both claims were without merit and also that the insufficient evidence claim was waived by Woods' voluntary guilty plea.

(4) By order dated September 10, 2009, after *de novo* review, the Superior Court accepted the report and recommendation and denied the motion.

2

On appeal, Woods continued to argue that his defense counsel was ineffective for failing to pursue a motion to suppress and for coercing him into pleading guilty to "fraudulent" weapon offenses. This Court denied Woods' first motion for postconviction relief in an order dated April 26, 2010.[2] We affirmed the Superior Court's judgment after finding that defense counsel had, in fact, filed a pretrial motion to suppress and other pretrial motions.[3] We also found that:

> During the course of the plea colloquy, Woods expressed satisfaction with the representation provided by his counsel. He also acknowledged that he was pleading guilty because he, in fact, was guilty. He acknowledged his understanding that he was waiving certain rights by pleading guilty, including his right to pursue the pretrial suppression motion. The Superior Court specifically found that Woods was competent to enter a plea and that his plea was entered knowingly, intelligently, and voluntarily. The trial court reviewed the sentence with Woods, and Woods acknowledged that it was the sentence he agreed to in his plea form. Woods also stated under oath that no one had coerced him into entering a plea.[4]

(5)     Woods filed his second motion for postconviction relief in June 2010, again alleging that his guilty plea was involuntary due to prosecutorial misconduct and ineffective assistance of counsel. By report dated June 23, 2010, the Commissioner recommended that the motion should be summarily dismissed under

---

[2] *Woods v. State*, 2010 WL 1664008 (Del. Apr. 26, 2010).

[3] Id., at *2.

[4] *Id.*, at *2 ¶ 8.

3

the procedural bars of Rule 61(i) because it was "substantially similar, if not identical" to Woods' first postconviction motion. On July 7, 2010, after *de novo* review, the Superior Court denied the motion. On appeal, we again affirmed the Superior Court judgment, concluding that the court "did not err in adopting the Commissioner's findings that appellant's second motion for postconviction relief was both repetitive and previously adjudicated and that appellant had failed to overcome these procedural hurdles."[5]

(6)    Undaunted by the denial of his first and second postconviction motions, Woods next sought relief in the federal court, filing a habeas corpus petition raising claims of ineffective assistance of counsel, prosecutorial misconduct, unknowing and involuntary guilty plea, illegal search and seizure, insufficient evidence, and actual innocence. In a memorandum opinion dated September 11, 2013, the United States District Court considered the claims and denied relief.[6]

(7)    Woods filed his third motion for postconviction relief in March 2014, again alleging that his guilty plea was involuntary due to ineffective assistance of counsel. Also, in related motions, letters and memoranda, Woods requested the

---

[5] *Woods v. State*, 2011 WL 339698 (Del. Feb. 1, 2011).

[6] *Woods v. Pierce*, 967 F.Supp.2d 1013 (D. Del. Sept. 11, 2013).

appointment of counsel, an evidentiary hearing, and permission to expand the record, arguing that he was innocent of the weapon offenses.

(8) By memorandum opinion dated August 27, 2014, the Superior Court denied relief, ruling that the motion was untimely and repetitive under Rule 61(i)(1) and (2), and that the claims were either formerly adjudicated under Rule 61(i)(4) or procedurally defaulted under Rule 61(i)(3). The court denied the requests for counsel and for an evidentiary hearing on the basis that Woods had not demonstrated good cause for the appointment of counsel or that there would be "any value" in an evidentiary hearing. The court denied the request to expand the record on the basis that Woods had not identified any new or additional evidence. When ruling that Woods' claims for relief did not warrant review under Rule 61(i)(5), the court found that:

> Defendant repeatedly asserts that his plea was somehow based on fraud, but has not referred to any specific incidences of misconduct or otherwise provided a coherent explanation of his claim. Defendant implicitly claims that trial counsel hid mitigating evidence from Defendant, but fails to provide this Court with evidence, or any method upon which to judge the veracity of his claim. By pleading guilty, Defendant effectively waived any errors or defects occurring prior to the entry of the plea. Defendant has failed to substantiate or make any evidentiary showing that he did not understand the nature or associated penalties of the charges to which he pled. Defendant fails to establish a violation of his Sixth Amendment right, and fails to establish that there was a

5

miscarriage of justice because of a constitutional violation pursuant to Rule 61(i)(5).[7]

(9)     We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[8] The procedural requirements of Rule 61 must be considered before addressing any substantive issues.[9]

(10)    In this case, having considered the applicable Rule 61 procedural bars,[10] we conclude that Woods' third postconviction motion is procedurally barred under Rule 61(i)(1) – (4).[11]  On appeal, Woods has not established that his motion raises a colorable claim of a manifest injustice because of a constitutional violation[12] or a newly-recognized retroactively applicable right.[13]  Nor has he

---

[7] *State v. Woods*, 2014 WL 4364903, at *3 (Del. Super. Aug. 27, 2014) (citations omitted).

[8] *Dawson v. State,* 673 A.2d 1186, 1190 (Del. 1996).

[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[10] Woods' third postconviction motion, filed in March 2014, was governed by the version of Rule 61 then in effect.  Effective June 4, 2014, Rule 61 was amended to include a procedural mechanism for summarily dismissing a second or subsequent postconviction motion before considering the Rule 61(i) procedural bars.

[11] *See* Del. Super. Ct. Crim. R. 61(i)(1) (2013) (barring postconviction motion filed more than one year after the judgment of conviction is final); *id.* at (i)(2) (barring any ground for relief not asserted in a prior proceeding as required under (b)(2)); *id.* at (i)(3) (barring any ground for relief not asserted in the proceedings leading to the judgment of conviction); *id.* at (i)(4) (barring formerly adjudicated claim).

[12] *See* Del. Super. Ct. Crim. R. 61(i)(5) (providing that the procedural bars of (i)(1), (2), and (3) shall not apply to a colorable claim that there was a miscarriage of justice because of a constitutional violation).

[13] *See* Del. Super. Ct. Crim. R. 61(i)(1) (providing that an untimely motion may be considered when the movant asserts a newly recognized retroactively applicable right).

6

shown any indication that consideration of his third postconviction motion or a formerly adjudicated claim is warranted in the interest of justice.[14]

(11)  We also conclude that the Superior Court did not err or abuse its discretion when denying the requests for the appointment of counsel, for an evidentiary hearing, and to expand the record, which were largely based upon Woods' claim of "actual innocence," which was considered and denied by the District Court.[15] "[A] defendant is not entitled to have a court re-examine an issue that has been previously resolved 'simply because the claim is refined or restated.'"[16]

(12)  For the third time in five years, this Court on appellate review has considered Woods' challenges to his 2008 guilty plea and has affirmed the Superior Court judgment after concluding that the claims were without merit, procedurally barred, or both.  In the future, should Woods again seek postconviction relief from his 2008 guilty plea, this Court will not invest judicial resources addressing claims previously considered and rejected by the Superior

---

[14] *See* Del. Super. Ct. Crim. R. 61(i)(4) (2013) (providing that a formerly adjudicated claim may be considered in the "interest of justice").

[15] *Woods v. Pierce*, 967 F.Supp.2d 1013, 1029 (D. Del. Sept. 11, 2013).

[16] *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992) (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

Court, the United States District Court, or this Court. We encourage Woods to be mindful of Rule 61(j).[17]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[17] Del. Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").