IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE     §
PETITION OF BERNARD WOODS   § No. 85, 2015
FOR A WRIT OF CERTIORARI     §

Submitted: March 12, 2015
Decided:   March 31, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 31st day of March 2015, upon consideration of the petition of Bernard Woods for a writ of certiorari and the answer and motion to dismiss of the State of Delaware, it appears to the Court that:

(1) The petitioner, Bernard Woods, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of certiorari. The State filed an answer and motion to dismiss the petition. After careful review, we conclude that Woods' petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2) In February 2008, Woods pled guilty to drug and weapon offenses. Woods was sentenced to twenty-nine years of Level V incarceration, suspended after fifteen years for a period of drug treatment and probation. Woods did not file a direct appeal.

(3) In July 2008, Woods filed his first motion for postconviction relief, which was denied. This Court affirmed the Superior Court's judgment.[1] In June 2010, Woods filed his second motion for postconviction relief, which was denied. This Court affirmed the Superior Court's judgment.[2]

(4) In March 2014, Woods filed his third motion for postconviction relief. Woods also filed motions for appointment of counsel, an evidentiary hearing, and expansion of the record. On August 27, 2014, the Superior Court denied all of Woods' motions.[3] This Court affirmed the Superior Court's judgment.[4] This Court also warned Woods:

> For the third time in five years, this Court on appellate review has considered Woods' challenges to his 2008 guilty plea and has affirmed the Superior Court judgment after concluding that the claims were without merit, procedurally barred, or both. In the future, should Woods again seek postconviction relief from his 2008 guilty plea, this Court will not invest judicial resources addressing claims previously considered and rejected by the Superior Court, the United States District Court, or this Court. We encourage Woods to be mindful of Rule 61(j).[5]

---

[1] *Woods v. State*, 2010 WL 1664008 (Del. Apr. 26, 2010).

[2] *Woods v. State*, 2011 WL 339698 (Del. Feb. 1, 2011).

[3] *State v. Woods*, 2014 WL 4364903, at *2-4 (Del. Super. Ct. Aug. 27, 2014).

[4] *Woods v. State*, 2015 WL 409679 (Del. Jan. 27, 2015).

[5] *Id.* at *3.

2

(5) On February 23, 2015, Woods filed a petition in this Court for a writ of certiorari. Woods asks this Court to issue a writ of certiorari for review of the Superior Court's August 27, 2014 order denying his motion for an evidentiary hearing. Woods seeks an evidentiary hearing on the falsity of his weapons convictions. The State has answered Woods' petition and moved to dismiss.

(6) A writ of certiorari is an extraordinary remedy that is used to correct irregularities in the proceedings of a trial court.[6] Certiorari is available to challenge a final order of a trial court where the right of appeal is denied, a grave question of public policy and interest is involved, and no other basis for review is available.[7] "Where these threshold requirements are not met, this Court has no jurisdiction to consider the petitioner's claims, and the proceedings will be dismissed."[8]

(7) There is no basis for the issuance of a writ of certiorari in this case. Woods has already exercised his right to appeal the Superior Court's August 27, 2014 order denying, among other things, his motion for an evidentiary hearing. The right of appeal was not denied and there was another basis for review

---

[6] *Shoemaker v. State*, 375 A.2d 431, 437 (Del. 1977).

[7] *Id.* at 437-38.

[8] *In re Butler*, 609 A.2d 1080, 1081 (Del. 1992).

3

available. Woods therefore has not met the threshold requirements for issuance of a writ of certiorari and his petition for a writ of certiorari must be dismissed.

(8) Given Woods' previous unsuccessful appeal of the Superior Court's denial of his motion for an evidentiary hearing and that this is the fifth time Woods has unsuccessfully challenged his 2008 convictions in this Court,[9] we further conclude that Woods' petition for a writ of certiorari is legally frivolous. We warn Woods that if he continues to file frivolous claims in this Court, he will be enjoined from filing future claims without leave of the Court.

NOW, THEREFORE, IT IS ORDERED that the motion to dismiss is GRANTED and the petition for a writ of certiorari is DISMISSED.

BY THE COURT:

_____

Justice

---

[9] *Woods v. State*, 2015 WL 409679, at *3 (affirming denial of third motion for postconviction relief and motions for appointment of counsel, evidentiary hearing, and expansion of record); *Woods v. State*, 2011 WL 339698, at *1 (affirming denial of second motion for postconviction relief); *In re Woods*, 2010 WL 2164529, at *1 (Del. May 28, 2010) (dismissing petition for writ of certiorari); *Woods v. State*, 2010 WL 1664008, at *2 (affirming denial of first motion for postconviction relief).

4