IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BERNARD WOODS, | § | |
| | § | |
| Defendant Below, | § | No. 227, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0708031045 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 17, 2015
Decided: February 9, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 9th day of February 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Bernard Woods, filed this appeal from an April 1, 2015 Superior Court order denying his motion to vacate his weapon convictions and sentences. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Woods' opening brief that his appeal is without merit. We agree and affirm.

(2) On February 28, 2008, Woods pled guilty to Delivery of a Narcotic, Conspiracy in the Second Degree, Trafficking in Cocaine, Possession of a Deadly

Weapon by a Person Prohibited, and Possession of a Firearm During the Commission of a Felony. Woods was sentenced to twenty-nine years of Level V incarceration, suspended after fifteen years for decreasing levels of supervision. Woods did not appeal the Superior Court's judgment. Since 2008, Woods has filed multiple, unsuccessful motions for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61").[1] The United States District Court for the District of Delaware denied Woods' petition for habeas corpus review in 2013.[2]

(3) In September 2014, Woods filed a motion to vacate his weapon convictions and sentences. The Superior Court denied the motion, finding that it raised claims previously rejected and was procedurally barred under Rule 61. To the extent Woods sought relief under Rule 35, the Superior Court stated that Woods sentence was mandatory and could not be reduced or suspended. This appeal followed.

(4) On appeal, Woods contends that the Superior Court erred in treating his motion for relief under Superior Court Criminal Rule 35(a) like a motion for relief under Superior Court Criminal Rule 35(b). Woods also asserts claims, raised

---

[1] *Woods v. State*, 2015 WL 409679 (Del. Jan. 27, 2015) (affirming Superior Court's denial of third motion for postconviction relief); *Woods v. State*, 2011 WL 339698 (Del. Feb. 1, 2011) (affirming Superior Court's denial of second motion for postconviction relief); *Woods v. State*, 2010 WL 1664008 (Del. Apr. 26, 2010) (affirming Superior Court's denial of first motion for postconviction relief).
[2] *Woods v. Pierce*, 967 F. Supp.2d 1013 (D. Del. 2013).

2

in previous postconviction motions, that his weapons convictions are the result of fraud.

(5) We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion.[3] To the extent the claim involves a question of law, we review the claim *de novo*.[4] We review the Superior Court's denial of a motion for postconviction relief under Rule 61 for abuse of discretion and questions of law *de novo*.[5] The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[6]

(6) To the extent Woods seeks relief under Rule 35(a), his attacks on his convictions are outside the scope of Rule 35(a).[7] To the extent Woods seeks relief under Rule 61, those claims are procedurally barred. Under Rule 61, a second or subsequent motion for postconviction relief will be summarily dismissed, unless the movant was convicted after trial and pleads with particularity the existence of new evidence that creates a strong inference of actual innocence or a new rule of constitutional law that is retroactively applicable.[8] Woods pled guilty and has not pled with particularity the existence of new evidence creating a strong inference of actual innocence or a new rule of constitutional law that is retroactively applicable.

---

[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Id.*
[5] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (concluding that challenges to validity of convictions were outside scope of Rule 35(a)).
[8] Super. Ct. Crim. R. 61(d)(2).

We conclude therefore that the Superior Court did not err in denying Woods' motion to vacate his sentences and convictions.

(7) This is the sixth time Woods has appeared in this Court to challenge his 2008 convictions.[9] In our March 31, 2015 order dismissing Woods' petition for a writ of certiorari, which we found to be legally frivolous, we warned Woods that that if he continued to file frivolous claims in this Court, he would be enjoined from filing future claims in this Court.[10] In our January 27, 2015 order affirming the Superior Court's denial of Woods' third motion for postconviction relief, we warned Woods that if he should again seek postconviction relief from his 2008 guilty plea, we would not invest judicial resources addressing claims previously considered and rejected by the Superior Court, the United States District Court, or this Court.[11] We also cautioned Woods to be mindful of Rule 61(j).[12] Despite these warnings, Woods filed this appeal, which again challenges the Superior Court's denial of claims that have been raised and rejected multiple times.

(8) In his motion and affidavit to proceed *in forma pauperis*, Woods falsely certified that he had never been found by any court to have abused the

---

[9] *See supra* n.1. *See also In re Woods*, 2015 WL 1514975 (Del. Mar. 31, 2015) (denying petition for writ of certiorari arising from Superior Court's denial of Woods' third motion for postconviction relief); *In re Woods*, 2010 WL 2164529 (Del. May 28, 2010) (denying petition for writ of certiorari based on this Court's affirmance of the denial of Woods' first motion for postconviction relief).

[10] *In re Woods*, 2015 WL 1514975, at *2.

[11] *Woods v. State*, 2015 WL 409679, at *3.

[12] *Id.*

4

judicial process by filing frivolous litigation and that the claims raised in this matter have never been raised or disposed of before in any court. We therefore deny Woods motion to proceed *in forma pauperis nunc pro tunc*. It is unlikely, however, that the Court will ever be able to collect the required filing fee from Woods. In the future, the Clerk of the Court is directed to refuse any filings from Woods relating to his 2008 convictions and sentences unless the filing is accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e) and that motion is granted by the Court. [13]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[13] 10 *Del. C.* § 8803(e) provides:
> When a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without leave of court. When so enjoined, any future requests to file claims must be accompanied by an affidavit certifying that:
> > (1) The claims sought to be litigated have never been raised or disposed of before in any court;
> > (2) The facts alleged are true and correct;
> > (3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;
> > (4) The affiant has no reason to believe the claims are foreclosed by controlled law; and
> > (5) The affiant understands that the affidavit is made under penalty of perjury.