**Charles S. CASTNER, Petitioner,**

v.

**STATE of Delaware, Respondent.**

Supreme Court of Delaware.

Oct. 2, 1973.

Reargument Denied Nov. 2, 1973.

Randy J. Holland, of Faulkner & Dunlap, Georgetown, for petitioner.

H. Newton White, Deputy Atty. Gen., Georgetown, for respondent.

HERRMANN, C. J., CAREY and DUFFY, JJ., sitting.

DUFFY, Justice:

Petitioner was arrested for operating a motor vehicle at an excessive rate of speed in the Town of Blades. He was convicted after trial before a Justice of the Peace and upon trial *de novo* before a jury in Superior Court, he was convicted again and fined $25.* Since the fine is less than the amount necessary under the Delaware Constitution to invoke the appellate jurisdiction of this Court, Del.Const., Art. 4, § 11(1)(b) Del.C.Ann.; Szucs v. State, Del. Supr., 284 A.2d 291 (1971), petitioner seeks review by way of a writ of certiorari. He may not do so.

A writ of certiorari issues out of this Court by right and not by grace, 10 Del.C. § 142, but this does not necessarily mean that mere issuance of the writ requires this Court to decide a matter raised therein on its merits.

■■ Here, petitioner concedes that his purpose is to seek a determination that proof beyond a reasonable doubt was not adduced at trial. A review of that nature necessarily contemplates that the Court will weigh and evaluate the evidence. Under principles of law well established in this State, certiorari involves a review of only such errors as appear on the face of the record being considered. Schwander v. Feeney's, Del.Super., 3 Terry 198, 29 A.2d 369 (1942); Woolley, Delaware Practice, § 897. Moreover, certiorari may not be used as a device to circumvent the requisites of the appellate jurisdiction of this Court as established by the Constitution. Compare Szucs v. State, supra.

■ Accordingly, the writ of certiorari will be dismissed, but without prejudice to any right which petitioner may have to raise a constitutional question by appropriate motion in the Superior Court under Criminal Rule 35, Del.C.Ann.

On Motion for Reargument

Citing Supreme Court Rules 7 and 18 and LeTourneau v. Consolidated Fisheries Co., Del.Supr., 4 Terry 540, 51 A.2d 862 (1947), petitioner argues that in a certiorari proceeding trial testimony is part of the record on which this Court makes its judgment. Hence, he continues, the Court must weigh and evaluate evidence.

First, as to the rules on which petitioner relies, these govern practice and procedure in the Court; they do not establish what

---

* We point out that proposed amendments to the Constitution which are now before the General Assembly eliminate such "double trials".

may be considered in a certiorari proceeding.

Second, as to *LeTourneau*, the Court there did evaluate evidence, but the nature of the case explains the reason why that was done in a certiorari proceeding. It arose under the Workmen's Compensation Act and judicial review thereof is fixed by statute which defined the "record" on which the Superior Court made its determination: it "shall include a typewritten copy of the evidence". See 19 Del.C. § 2350(b). The Supreme Court applied the statutory definition so that it could test the "record" on the same basis as the Superior Court (which is an appellate court in compensation cases). In this case, (a) there is no statutory definition of the "record"; (b) the Superior Court was the trial court; and (c) if the Court were to weigh and evaluate the evidence it would be circumventing the clear constitutional limitation on our jurisdiction. Del.Const., Art. 4 § 11(1)(b).

The motion for reargument is denied.