**In the Matter of the Petition of Charles E. BUTLER, Deputy Attorney General, For a Writ of Certiorari.**

Supreme Court of Delaware.

Submitted: March 10, 1992.
Decided: June 23, 1992.

Richard E. Fairbanks, Jr. (argued), Chief of Appeals Div., Dept. of Justice, Wilmington, for petitioner.

John A. Parkins (argued), David L. Finger and John T. Dorsey of Richards, Layton & Finger, Wilmington, amicus curiae.

Before HORSEY, MOORE, WALSH, HOLLAND, JJ., and JACOBS, Vice Chancellor, constituting the Court *en banc*.

HORSEY, Justice:

Petitioner, Deputy Attorney General Charles E. Butler, while representing the State in a criminal trial in Superior Court, was summarily adjudged in criminal contempt of court "for insolence and failure to show proper respect to the Court," in violation of 11 *Del.C.* § 1271(1), a Class B misdemeanor. Butler was immediately sentenced to pay a fine of $100. Butler petitioned this Court to issue a writ of certiorari to review Superior Court's finding, conviction and sentence. Butler contends that our certiorari jurisdiction extends to review the trial record for justification of the behavior which led Superior Court to hold him in contempt. Alternatively, Butler contends that Superior Court failed on the face of the record to comply with the requirements of the law for summary contempt. Examining the record before us under our limited certiorari scope of review, we find Superior Court to have manifestly failed to comply with Superior Court Criminal Rule 42(a). We therefore direct that the judgment of contempt be vacated.

On October 24, 1991, Butler was engaged in representing the State in Superior Court in the case of *State v. McAllister*. That same day, the court issued an order summarily adjudging Butler to be in criminal contempt, and fining him $100, from which there is no right of appeal. Del. Const. Art. IV, § 11(1)(b). The following day, October 25, 1991, Butler, represented by the Department of Justice, petitioned this Court for writ of certiorari to review his conviction and sentence. On October 29, 1991, pursuant to this Court's directive, the Clerk of the Court issued Butler a Notice to Show Cause why his petition should not be dismissed pursuant to Supreme Court Rules 29(b) and 43 for lack of jurisdiction. Butler filed an answer to this notice on November 8, 1991, whereupon the Court ordered full briefing of the jurisdictional issues. By Order dated December 10,

1991, the Court appointed John A. Parkins, Jr. *amicus curiae* to represent the State, pursuant to 29 *Del.C.* § 2507. We further found that the trial judge had no independent interest to be represented, and directed that the case be submitted to the Court *en banc*, pursuant to Rule 4(d).

\* \* \*

 We take this opportunity to clarify the procedure in this Court upon a petition for writ of certiorari. A writ of certiorari calls up the record below for review by a superior court. *Woolley on Delaware Practice*, § 894. The writ issues as a matter of right, 10 *Del.C.* § 142,[1] and is therefore a mere preliminary formality. However, this "does not necessarily mean that mere issuance of the writ requires this Court to decide a matter raised therein on its merits." *Castner v. State*, Del.Supr., 311 A.2d 858 (1973). There are important threshold qualifications for certiorari review; for instance, the judgment below must be final, and there must be no other available basis for review. *Shoemaker v. State*, Del.Supr., 375 A.2d 431, 438 (1977). Moreover, only certain kinds of claims may be reviewed at all on certiorari. *See, e.g.*, *Castner*, 311 A.2d at 858 (claims that require weighing of evidence cannot be reviewed on certiorari). Where these threshold requirements are not met, this Court has no jurisdiction to hear the petitioner's claims, and the proceedings will be dismissed. *Id.* Finally, even should review of the claims raised by the petition be appropriate, this Court's scope of review will be strictly limited. Thus, "[r]eview is generally confined to jurisdictional matters, error of law or irregularity of proceedings which appear on the face of the record." *Goldstein v. City of Wilmington*, Del.Supr., 598 A.2d 149, 152 (1991); *Shoemaker*, 375 A.2d at 437.

 On the merits, Butler contends that his behavior prior to the court's finding of contempt was justified. He asserts that he was found in contempt for seeking only to object to the failure of the court to record substantive sidebar conferences, contrary to the directives of this Court and the Supe-

---

1. *Compare* United States Supreme Court Rule 10.1.

rior Court Rules. *See Ross v. State,* Del. Supr., 482 A.2d 727, 734 n. 984 (1984); Super.Ct.Crim.R. 57(b); Super.Ct.Civ.R. 43(b). To support his contention, Butler seeks review of a particular portion of the transcript of the proceedings in *State v. McAllister,* i.e., that occurring immediately prior to the finding of contempt.

The *amicus* argues in response that the record for our review consists only of the order of the court holding Butler in contempt, and does not include the transcripts. *See Castner,* 311 A.2d 858 (certiorari). *Compare Pitts v. State,* Del.Supr., 421 A.2d 901 (1980) (direct appeal). In the alternative, *amicus* argues that if this Court overrules *Castner* the record should include the entire transcript in *State v. McAllister* and not merely the self-serving portion which Butler proffers. We decline to overrule *Castner.*[2]

 Therefore, Superior Court's order dated October 25, 1991 is the entire record before us for purposes of certiorari review. *Compare Pitts,* 421 A.2d 901. Our jurisdiction under certiorari is limited to determining whether Superior Court properly exercised its summary power of criminal contempt and does not extend to a determination of the merits of the trial court's finding of contempt, i.e., whether its findings are supported by the record. *Compare Pitts,* 421 A.2d 901. *See Goldstein,* 598 A.2d 149; *Shoemaker,* 375 A.2d 431; *Woolley,* § 894.

 The Superior Court Criminal Rules grant the trial court power to summarily charge, try, convict and sentence for criminal contempt. Because this is an awesome conference of power, its implementing rule must be complied with scrupulously. 11 *Del.C.* § 1271 states, in pertinent part:

A person is guilty of criminal contempt when he engages in any of the following conduct:

(1) Disorderly, contemptuous or insolent behavior, committed during the sitting of a court, in its immediate view and presence, and directly tending to interrupt its proceedings or to impair the respect due to its authority; ...

Superior Court Criminal Rule 42(a) provides in full:

(a) Summary Disposition. A criminal contempt under 11 Del.C. § 1271(1) may be punished summarily if the judge certifies that the judge saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

 In this case, Superior Court failed to adhere to Rule 42(a). The court's order of summary contempt only adopts in a conclusory fashion the statutory language of 11 *Del.C.* § 1271(1), and wholly fails to recite *the facts* which constituted the crime. The entire text of Superior Court's order finding Butler in contempt reads:

AND NOW TO WIT this 24th day of October, 1991, the Court having found Charles E. Butler in contempt of court for insolence and failure to show proper respect to the Court during the trial of *State v. Mel Stephon McAllister,* which lack of respect and insolence committed during the sitting of the Court in its immediate view and presence did directly tend to impair the respect due the Court;

IT IS HEREBY ORDERED that Charles E. Butler shall pay and forfeit unto this Court the sum of one hundred dollars ($100), said sum to be paid on or before October 31, 1991.

 Applying our limited certiorari review,[3] we find Superior Court to have com-

---

**2.** The language that the State cites from *Lynch,* which appears to be inconsistent with *Castner,* was dicta. *See In re Lynch,* Del.Supr., 571 A.2d 787 (1990) (ORDER).

**3.** Because of the limited nature of our review on *certiorari,* the Court cannot comment directly on what occurred in the transcript of the trial. *Castner v. State,* Del.Supr., 311 A.2d 858 (1973); *Shoemaker v. State,* Del.Supr., 375 A.2d 431, 438

(1977). However, the Court does not wish to leave either the trial judge or the respondent with an erroneous impression of our view of what occurred below. The trial court should not conclude that, but for a technical failure on its part, the Court approves of its underlying actions leading to the contempt citation. The respondent likewise should not view this result as an exoneration of what has the appearance of

mitted manifest error of law apparent from the face of the record; that is, the court's order dated October 24, 1991. The order, invoking Superior Court's power of summary contempt, violates Criminal Rule 42(a) by failing to "recite the facts" in support of its findings that petitioner was in contempt of court "for insolence and failure to show proper respect to the Court," and for conduct which "did directly tend to impair the respect due the Court." Consequently, the Superior Court failed to comply with the requirements of the law in finding Butler in contempt.

For the Superior Court to exercise its summary criminal contempt authority, the requirements of Rule 42(a) need to be complied with scrupulously. The Superior Court's order dated October 25, 1991, fails on its face to meet the requirements of Superior Court Rule 42(a). Therefore, this Court directs Superior Court to vacate and set aside its order dated October 24, 1991.

\* \* \*

VACATED.

---

clearly contumacious conduct toward the trial judge. Both would be mistaken.

What actually occurred in the Superior Court is unfortunate from every perspective. We have repeatedly stated that all sidebar conferences, except those involving non-substantive issues, must be recorded. These are so numerous as to admit of no doubt on the subject. *Whalen v. State*, Del.Supr., 492 A.2d 552, 558 & n. 3 (1985); *Ross v. State*, Del.Supr., 482 A.2d 727, 734 n. 9 (1984); *Flamer v. State*, Del.Supr., 490 A.2d 104, 131 (1983); *Bailey v. State*, Del.Supr., 440 A.2d 997, 1000 n. 1 (1982); *Stephenson v. State*, Del. Supr., 606 A.2d 740, 741 n. 4 (1992); *Owens v. State*, Del.Supr., No. 497, 1989, Christie, C.J., at 10, 586 A.2d 1202, (Table) (Nov. 28, 1990) (ORDER). Ultimately, these admonitions led to the adoption of Superior Court Criminal Rule 26.1. It provides:

All sidebar conferences and chambers conferences during trial shall be recorded unless the trial judge determines, in advance, that neither evidentiary nor substantive issues are involved.

The purposes, indeed the absolute need, of having a proper record when persons' lives and freedom are at stake seem obvious. The rule and our decisions admit of no discretion. They are mandatory. Yet, what occurred here was a persistent refusal by the trial judge, despite numerous requests by the respondent, to record substantive sidebar conferences.

On the other hand, the respondent's conduct toward the trial judge was rude and discourteous. The State candidly acknowledged at oral argument that it was unprofessional by any standard. In a Bar that still tries to uphold principles of civility, it is regrettable that what developed was a series of marked departures from acceptable norms. One fed on the other and led to this distasteful confrontation.