## IN THE SUPREME COURT OF THE STATE OF DELAWARE

|  |  |
|---|---|
| IN THE MATTER OF THE PETITION OF THOMAS E. NOBLE FOR A WRIT OF CERTIORARI | § <br> § No. 39, 2015 <br> § <br> § |

Submitted: February 9, 2015
Decided: February 27, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

### ORDER

This 27th day of February 2015, upon consideration of the petition of Thomas E. Noble for a writ of certiorari and the answer and motion to dismiss of the State of Delaware, it appears to the Court that:

(1) The petitioner, Thomas E. Noble, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of certiorari. The State filed an answer and motion to dismiss the petition. After careful review, we conclude that Noble's petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2) In January 2014, Noble was indicted for multiple counts of Dealing in Child Pornography under 11 *Del. C.* § 1109. Noble filed multiple petitions for extraordinary writs in connection with these criminal charges.[1] Noble has been

---

[1] *In re Noble*, 2015 WL 528211, at *1 (Del. Feb. 9, 2015) (describing petitions filed by Noble).

confined to the Delaware Psychiatric Center for treatment until he is capable of standing trial.[2]

(3)     On December 29, 2014,[3] Noble filed a class action complaint in the Superior Court. Noble alleged that 11 *Del. C.* § 1109 was unconstitutional. Noble named the governor, all members of the general assembly who voted in favor of Section 1109, the attorney general, and "anyone else responsible" as defendants. In an order dated December 31, 2014, the Superior Court dismissed the complaint as factually frivolous, legally frivolous, and on the ground that it plainly appeared from the face of the complaint that Noble was not entitled to relief. Noble did not appeal the Superior Court's order.

(4)     Instead, on February 2, 2015, Noble filed a petition in this Court for issuance of a writ of certiorari. Noble claims he is entitled to relief because the Superior Court erred in dismissing the complaint, his complaint should have been construed liberally because he was acting *pro se*, and the prothonotary did not handle his filings properly. The State answered the petition for issuance of a writ of certiorari and moved to dismiss.

---

[2] *Id.* at n.2.

[3] The complaint was added to the File & Serve docket on January 2, 2015.

(5) A writ of certiorari is an extraordinary remedy that is used to correct irregularities in the proceedings of a trial court.[4] Certiorari is available to challenge a final order of a trial court where the right of appeal is denied, a grave question of public policy and interest is involved, and no other basis for review is available.[5] "Where these threshold requirements are not met, this Court has no jurisdiction to consider the petitioner's claims, and the proceedings will be dismissed."[6]

(6) There is no basis for the issuance of a writ of certiorari in this case. Noble could have appealed the Superior Court's order dismissing his complaint, but chose not to do so. Noble has not shown that his right of appeal was denied or that a grave question of public policy is involved. Because Noble has not met the threshold requirements for the issuance of a writ of certiorari, his petition for a writ of certiorari must be dismissed.

(7) Given the availability of appellate review and that this is the fifth petition for an extraordinary writ Noble has filed in this Court in the last ten months,[7] we further conclude that Noble's petition for a writ of certiorari is legally

---

[4] *Shoemaker v. State*, 375 A.2d 431, 437 (Del. 1977).

[5] *Id.* at 437-38.

[6] *In re Butler*, 609 A.2d 1080, 1081 (Del. 1992).

[7] *In re Noble*, No. 39, 2015 (Del.) (petition for writ of certiorari filed on February 2, 2015); *In re Noble*, No. 631, 2014 (Del.) (petition for writ of prohibition filed on November 14, 2014); *In re*

frivolous. We again advise Noble to be mindful of Supreme Court Rule 20(f)[8] and warn him, if he continues to file frivolous claims in this Court, he will be enjoined from filing future claims without leave of the Court.

NOW, THEREFORE, IT IS ORDERED that the motion to dismiss is GRANTED and the petition for the issuance of a writ of certiorari is DISMISSED.

BY THE COURT:

_____
Justice

---

*Noble*, No. 513, 2014 (Del.) (petition for writ of mandamus filed on September 12, 2014); *In re Noble*, No. 249, 2014 (Del.) (petition for writ of mandamus filed on May 15, 2014); *In re Noble*, No. 213, 2014 (Del.) (petition for writ of habeas corpus filed on April 28, 2014).

[8] *In re Noble*, 2015 WL 528211, at *1 (advising Noble to be mindful of Supreme Court Rule 20(f), which allows Court to enter order assessing costs in frivolous appeal).