IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF BRAD D. § No. 347, 2015
GREENSPAN FOR A WRIT OF §
CERTIORARI §

Submitted: July 24, 2015
Decided: September 17, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

### O R D E R

This 17th day of September 2015, having considered the petition for a writ of certiorari, the answers and motions to dismiss the petition, and the petitioner's motion for sanctions, it appears to the Court that:

(1)     Brad D. Greenspan has filed a petition for a writ of certiorari under Supreme Court Rule 43.  Greenspan asks this Court to issue a writ of certiorari to the Court of Chancery in an action filed by Greenspan in April 2014.

(2)     This is the second time Greenspan has filed a petition seeking the issuance of an extraordinary writ to the Court of Chancery in the 2014 action.  In March 2015, Greenspan sought a writ of mandamus to compel the Court of Chancery to rule in his favor on various motions that were pending at the time.  By Order dated April 13, 2015, we dismissed the mandamus petition on the basis that

it manifestly failed to invoke this Court's original jurisdiction to issue an extraordinary writ.[1]

(3) In his motion for sanctions, Greenspan seeks sanctions against a respondent that opposed his petition for a writ of mandamus. Because Greenspan's motion for sanctions is filed in connection with a closed case, the motion is a nonconforming document and, as such, it will be stricken.

(4) In the underlying Court of Chancery action, Greenspan is seeking relief for the alleged racketeering, fraud, fraudulent transfer, breach of fiduciary duty, contempt, and other alleged malfeasances and nonfeasances of the more than two dozen defendants named in the complaint. Greenspan requested and was granted leave for expedited consideration of his claims for advancement.

(5) By letter dated April 29, 2015, the Court of Chancery admonished Greenspan for having failed to appear at a scheduling teleconference earlier that day and for having failed to respond to the defendants' motions to dismiss the advancement claims by the April 21, 2015 deadline. The Court directed Greenspan to file a response to the motions to dismiss by 5:00 p.m. on May 4, 2015. The Court advised Greenspan that if he did not file a response, the Court would consider the motions unopposed.

---

[1] *In re Greenspan*, 2015 WL 1641770 (Del. April 13, 2015).

(6) Greenspan did not file a response to the motions to dismiss. Accordingly, by order dated May 6, 2015, the Court of Chancery dismissed the advancement claims. On May 29, 2015, Greenspan filed an application to file an interlocutory appeal from the Court of Chancery's April 29, 2015 letter. The Court of Chancery denied the application on June 8, 2015. Greenspan did not file a notice of interlocutory appeal in this Court.

(7) Greenspan filed his petition for a writ of certiorari on July 4, 2015 and an amended petition with a supporting brief and appendix on July 9, 2015. Greenspan's petition seeks review of "irregular proceedings and errors of law" in the Court of Chancery action. Greenspan claims that the Court of Chancery has failed to hold proceedings and issue substantive rulings on various motions that he has filed. Greenspan contends that the Court of Chancery should conduct the proceedings and rule on his motions before ruling on the defendants' later-filed motions to dismiss. The respondents have filed answers and motions to dismiss Greenspan's petition for a writ of certiorari.

(8) A writ of certiorari is an extraordinary remedy that is used to correct irregularities in the proceedings of a trial court.[2] This Court has original jurisdiction to issue a writ of certiorari to review a final order of a trial court where the right of appeal is denied, a grave question of public policy is involved, and no

---

[2] *Shoemaker v. State*, 375 A.2d 431, 437 (Del. 1977).

other basis for review is available.[3]  "Where these threshold requirements are not met, this Court has no jurisdiction to consider the petitioner's claims, and the proceedings will be dismissed."[4]

(9)  Having carefully considered the parties' positions, we find that Greenspan has not demonstrated that his right of appeal has been denied, that a grave question of public policy is involved, and that no other basis for review is available.  Accordingly, Greenspan has not met the threshold requirements for the issuance of a writ of certiorari, and his petition must be dismissed.

NOW, THEREFORE, IT IS ORDERED, that the motion for sanctions is STRICKEN as a nonconforming document.  The petition for a writ of certiorari is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[3] *Id.* at 437-38.

[4] *In re Butler*, 609 A.2d 1080, 1081 (Del. 1992).