# IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF RUSSELL M. § No. 630, 2015
GRIMES FOR A WRIT OF §
CERTIORARI §

Submitted: November 25, 2015
Decided: January 15, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 15th day of January 2016, upon consideration of the petition of Russell M. Grimes for a writ of certiorari and the answer and motion to dismiss of the State of Delaware, it appears to the Court that:

(1) The petitioner, Russell M. Grimes, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of certiorari. The State filed an answer and motion to dismiss the petition. After careful review, we conclude that Grimes' petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2) After a joint trial with co-defendant William S. Sells, III, Grimes, who represented himself,[1] was convicted by a Superior Court jury of Robbery in the First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Possession of a Firearm by a Person Prohibited, Conspiracy in the

---

[1] Grimes requested, and was permitted to represent himself, with the assistance of standby counsel at trial.

Second Degree, and five counts of Reckless Endangering in the Second Degree. The jury found Grimes not guilty of Conspiracy in the First Degree, Theft, and six counts of Aggravated Menacing. On direct appeal, this Court reversed the convictions of both Grimes and Sells and remanded for new trials.[2] Grimes' new trial is scheduled for April 2016.

(3) On October 28, 2015, Grimes filed a petition for a writ of habeas corpus in the Superior Court. Grimes claimed that he was entitled to a writ of habeas corpus because retrying him for Robbery in the First Degree and PFDCF would violate double jeopardy principles in light of his acquittal for Aggravated Menacing of the same victim named in the Robbery in the First Degree charge. The Superior Court denied Grimes' petition for a writ of habeas corpus. We affirmed the Superior Court's judgment.[3]

(4) On November 23, 2015, Grimes filed a petition for a writ of certiorari in this Court. Grimes seeks dismissal of the Robbery in the First Degree and PFDCF charges for the reasons set forth in his petition for a writ of habeas corpus. The State has answered Grimes' petition and moved to dismiss.

---

[2] *Grimes v. State*, 2015 WL 2231801 (Del. May 12, 2015); *Sells v. State*, 109 A.3d 568 (Del. 2015).

[3] *Grimes v. State*, No. 610, 2015 (Del. Dec. 31, 2015).

(5)  A writ of certiorari is an extraordinary remedy that is used to correct irregularities in the proceedings of a trial court.[4]  Certiorari is available to challenge a final order of a trial court where the right of appeal is denied, a grave question of public policy and interest is involved, and no other basis for review is available.[5]  "Where these threshold requirements are not met, this Court has no jurisdiction to consider the petitioner's claims, and the proceedings will be dismissed."[6]

(6)  There is no basis for the issuance of a writ of certiorari in this case. Grimes has not identified a final order where the right of appeal was denied and no other basis of review was available.  To the extent Grimes is relying upon the Superior Court's order denying his petition for a writ of habeas corpus, Grimes has already exercised his right to appeal that order.  The right of appeal was not denied and there was another basis for review available.  Grimes therefore has not met the threshold requirements for issuance of a writ of certiorari and his petition for a writ of certiorari must be dismissed.

---

[4] *Shoemaker v. State*, 375 A.2d 431, 437-38 (Del. 1977).
[5] *Id.*
[6] *In re Butler*, 609 A.2d 1080, 1081 (Del. 1992).

3

NOW, THEREFORE, IT IS ORDERED that the motion to dismiss is GRANTED and the petition for a writ of certiorari is DISMISSED.

BY THE COURT:

_____
Justice

4