IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE PETITION  §
OF LARRY MARVEL FOR A WRIT     §   No. 514, 2017
OF CERTIORARI                  §

Submitted: December 18, 2017
Decided:   January 16, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 16th day of January 2018, upon consideration of the petition of Larry Marvel for a writ of certiorari and the supplement thereto, as well as the State's answer and motion to dismiss, it appears to the Court that:

(1)     The petitioner, Larry Marvel, seeks to invoke this Court's original jurisdiction to issue an extraordinary writ of certiorari to review a decision of the Board of Pardons. The Board denied Marvel's application for a commutation of sentence on October 27, 2017. Marvel contends that his petition was denied based on false information. The State has filed an answer and motion to dismiss the petition. After careful review, we conclude that the petition manifestly fails to invoke the original jurisdiction of this Court.

(2)     A writ of certiorari is an extraordinary remedy that is used to correct irregularities in the proceedings of a trial court.[1] Certiorari is only available to

---

[1] *In re Butler*, 609 A.2d 1080, 1081 (Del. 1992).

challenge a final order of a *trial court* where the right of appeal is denied, a grave question of public policy and interest is involved, and no other basis for review is available.[2] "Where these threshold requirements are not met, this Court has no jurisdiction to consider the petitioner's claims."[3]

(3) In this case, Marvel's petition fails to meet the threshold requirements for the issuance of an extraordinary writ of certiorari because he is seeking review of the decision of an administrative body, not a court. Moreover, even if jurisdiction in this Court were proper, certiorari review is confined to jurisdictional matters, errors of law or procedural irregularities that are manifest on the face of the record.[4] Marvel seeks to challenge the underlying facts supporting the Board's decision. Such argument is not within the proper scope of certiorari review. Accordingly, we conclude that the petition must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the petition for a writ of certiorari is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[2] *Id*. (emphasis added).
[3] *Id*.
[4] *Haskins v. Williams*, 2007 WL 704122, *2 (Del. Mar. 8, 2007).