IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE PETITION §
OF CLIFTON D. HALL FOR A WRIT § No. 335, 2020
OF CERTIORARI §

Submitted: October 28, 2020
Decided: November 24, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

# **O R D E R**

This 24th day of November 2020, after careful consideration of the petition for a writ of certiorari, as well as the State's answer and motion to dismiss, it appears to the Court that:

(1)     The petitioner, Clifton Hall, seeks to invoke this Court's original jurisdiction, under Supreme Court Rule 43, to issue a writ of certiorari. The State has filed an answer and moved to dismiss the petition. After careful review, we conclude that Hall's petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2)     On October 7, 2019, a Superior Court grand jury indicted Hall for driving under the influence ("DUI") as a fourth offense and five additional motor vehicle offenses.[1] Hall was arraigned in the Superior Court on October 23, 2019, and his case remains pending. In his petition for a writ of certiorari, Hall alleges

---

[1] *State v. Hall*, Del. Super., Crim. ID No. 1908008699 (K).

that: (i) he does not have three prior DUI convictions, (ii) the State produced someone else's driving record in pretrial discovery, and (iii) he should have been arraigned in the Justice of the Peace Court or the Court of Common Pleas.

(3) A writ of certiorari is an extraordinary remedy that is used to correct irregularities in the proceedings of a trial court.[2] Certiorari is available to challenge a final order of a trial court where the right of appeal is denied, a grave question of public policy and interest is involved, and no other basis for review is available.[3] "Where these threshold requirements are not met, this Court has no jurisdiction to hear the petitioner's claims, and the proceedings will be dismissed."[4]

(4) Because Hall's claims may be advanced in his pending case in the Superior Court, he has failed to demonstrate that no other adequate remedy is available to him. As such, Hall is not entitled to the issuance of a writ of certiorari.

NOW, THEREFORE, IT IS ORDERED that the motion to dismiss is GRANTED, and the petition for the issuance of a writ of certiorari is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[2] *Shoemaker v. State*, 375 A.2d 431, 437 (Del. 1977).
[3] *Id*. at 437-38.
[4] *In re Butler*, 609 A.2d 1080, 1081 (Del. 1992).

2