# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT KRAVIS, | ) | |
| | ) | |
| Defendant-Below/Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. S22A-04-001 MHC |
| | ) | |
| JUSTICE OF THE PEACE | ) | |
| COURT 17, and | ) | |
| MHC MCNICOL PLACE | ) | |
| | ) | |
| Plaintiff-Below/Respondent. | ) | |

## MEMORANDUM OPINION

Submitted: June 27, 2022
Decided: August 26, 2022

Upon Consideration of Petition for Writ of Certiorari,
**PETITION DISMISSED**.

Olga K. Beskrone, Esquire, Richard H. Morse, Esquire, Community Legal Aid Society, Inc., Wilmington, Delaware. *Attorneys for Defendant-Below/Petitioner.*

Jillian M. Pratt, Esquire, Morton, Valihura & Zerbato, LLC, Greenville, Delaware. *Attorney for Plaintiff-Below/ Respondent.*

**CONNER, J.**

## INTRODUCTION

(1)    This case arises from a residential landlord-tenant dispute in Lewes, Delaware. Following the Justice of the Peace Court's (the "JP Court") grant of summary possession in favor of Plaintiff-Below/Respondent MHC McNicol Place ("Respondent"), Defendant-Below/Petitioner Robert Kravis ("Petitioner") appealed to a three-judge panel in the JP Court, which affirmed. Petitioner then filed a Petition for a Writ of Certiorari in this Court seeking an order i) vacating the decision below, and ii) remanding the matter to the JP Court for further proceedings. Petitioner's primary contention is that the JP Court committed errors of law with regard to discovery and the application of statutory disability accommodation law. For the reasons set forth below, the Petition for Writ of Certiorari is **DISMISSED.**

## FACTUAL AND PROCEDURAL BACKGROUND[1]

(2)    34122 Pinewood Circle, Lewes, Delaware (the "Property") is a lot in a manufactured home community. Petitioner has rented the Property from

---

[1] The facts under review are found in the two decisions below. *See MCH McNicol Place v. Kravis*, Del. J.P., C.A. No. JP17-21-002617, (Dec. 23, 2021) [hereinafter Initial JP Court Decision at --]. ; *see also MCH McNicol Place  v. Kravis*, Del. J.P., C.A. No. JP17-21-002617, (Mar. 21, 2022) [hereinafter JP Court Appellate Decision at --].

Respondent for several years pursuant to a written lease. As provided in the lease, long term occupants of homes in the community must apply to be residents and be approved by Respondent. In addition to Petitioner, Andrew Losonczy ("Losonczy," grandson of Petitioner), and Alison Jacobs ("Jacobs," girlfriend of Losonczy) have lived at the Property for multiple years. Petitioner is elderly and suffers from "numerous health aliments."[2] The record established that Losonczy and Jacobs "moved in due to their financial problems and their need for housing. Following their move in, the grandson and his girlfriend helped provide care to him due to problems getting around."[3] In October 2020, Respondent became aware of Losonczy and Jacobs's unauthorized presence in the community and they were advised to apply to be residents in order to continue living at the Property. From January 2020 to early 2022, Petitioner did not live at the Property due to his healthcare treatment, however, Losonczy and Jacobs remained at the Property.

(3)    On May 12, 2021, Respondent informed Petitioner in writing that he was in violation of his lease because Losonczy and Jacobs were still living at the Property unauthorized. Respondent advised Petitioner in writing that he had 12 days to remedy the lease violation. On June 16, 2021, with Losonczy and Jacobs

---

[2]  Initial JP Court Decision at 2.
[3] *Id.*

still not having applied to be residents, Respondent sent to Petitioner a notice of immediate termination. Respondent then filed an action in the JP Court seeking summary possession of the Property.

(4)    On August 12, 2021, the JP Court entered default judgment on behalf of Respondent due to Petitioner's initial failure to appear. Subsequently, the JP Court granted Petitioner's motion to vacate the default judgment. Petitioner then filed a motion to dismiss which was denied.

(5)    On December 23, 2021, the JP Court entered judgment granting possession of the Property to Respondent. The court stated that summary possession actions are governed by the Delaware Landlord-Tenant Code[4] and found that Respondent complied with the relevant sections of the Code.[5]

(6)    Petitioner then filed an appeal to a three-judge panel in the JP Court pursuant to 25 *Del. C.* § 5717. The record states that Losonczy and Jacobs "applied to be residents in late December 2021 or early January 2022."[6] Their applications were denied by Respondent. In February 2022, Petitioner filed discovery motions relating to the denial of the applications. "The [c]ourt determined that, because the applications were not submitted during the time this action was initiated, nor during the timeframe allowed to cure, the information requested [was] not

---

[4] *See generally* 25 *Del. C.* §§ 5101-7114.
[5] *See* 25 *Del. C.* § 7016(b)(2).
[6] JP Court Appellate Decision at 2.

relevant."[7] On March 21, 2022, following the appellate trial de novo, the three-judge panel affirmed the decision granting summary possession in favor of Respondent.

(7) On April 9, 2022, Petitioner filed a petition in this Court for a Writ of Certiorari for review of the JP Court's decision. On April 11, 2022, Petitioner filed a motion for stay of eviction pending this Court's consideration of the Writ of Certiorari. Following briefing and oral argument, the Court temporarily granted the motion for stay of eviction.[8]

## PARTY CONTENTIONS

(8) Petitioner contends that it was an error of law for the JP Court to grant summary possession in favor of Respondent because State and Federal Fair Housing Law required Respondent to allow Losonczy and Jacobs to reside at the Property as caregivers for Respondent.[9] That is, in Petitioner's view, Respondent was "required, when requested, to make a reasonable accommodation for person [sic] with a disability by making reasonable exceptions to rules . . . ."[10] Additionally, Petitioner argues that the JP Court erred as a matter of law in

---

[7] *Id.*
[8] *Kravis v. Justice of Peace Court 17*, 2022 WL 1178471 (Del. Super. Apr. 20, 2022).
[9] 6 *Del. C.* § 4603A(a)(2); *accord* 42 U.S.C. § 3604(f)(3)(B).
[10] Pet'rs Writ of Cert. ¶ 11.

5

denying Petitioner's requests for discovery relating to the denial of the applications because that information was relevant to making a reasonable accommodation.

(9)     In contrast, Respondent claims that the JP Court "did not err in granting possession to [Respondent] despite [Petitioner's] reasonable accommodation request."[11] Particularly, Respondent contends that there was no error of law because the requested discovery was "irrelevant to the pending matter," and Respondent "met its burden of proof."[12]

## STANDARD OF REVIEW

(10)     "[T]he power of the Superior Court to issue writs of certiorari, and hear causes thereon, has been and is constitutional . . . ."[13] Specifically, this extraordinary remedy is derived from Article IV, § 7 of the Delaware Constitution and is codified in 10 *Del. C.* § 562.[14] For certiorari review to be appropriate, "the judgment below must be final, and there must be no other available basis for review."[15] If that requirement is satisfied, this Court's review

---

[11] Resp't's Answering Br. at 12.
[12] *Id.* at 10.
[13] *Maddrey v. Justice of Peace Court 13*, 956 A.2d 1204, 1209–10 (Del. 2008).
[14] *Id* at 1209; *Munce v. Justice of the Peace Court No. 14*, 2019 WL 549581, at *2 (Del. Super. Feb. 8, 2019).
[15] *Matter of Butler*, 609 A.2d 1080, 1081 (Del. 1992).

is narrow. "In a summary possession case the Court will look for fundamental errors that appear on the face of the record."[16] Such review is limited to consideration of "the record to determine whether the lower tribunal exceeded its jurisdiction, committed errors of law, or proceeded irregularly."[17] An error of law occurs when the lower court "proceeded illegally or manifestly contrary to law."[18]

## DISCUSSION

A. The Judgment Below is Final

(11)     It is uncontested that the judgment below is final and that no further avenues for review are available. Under 25 *Del. C.* § 5701, the JP Court has jurisdiction over summary possession cases regarding real property. A party to the proceedings may appeal the JP Court's initial judgment to a three-member panel made up of JP Court Officers, "which shall render *final judgment* . . . ."[19] The Code provides no further appellate procedures for such cases.[20] Here, after the

---

[16] *Metrodev Newark, LLC v. Justice of Peace Court No. 13*, 2010 WL 939800, at *4 (Del. Super. Ct. Feb. 18, 2010).

[17] *Christiana Town Ctr., LLC v. New Castle Cty.*, 865 A.2d 521, 2004 WL 2921830, at *2 (Del. Dec. 16, 2004) (TABLE).

[18] *Id.* (quoting Woolley, Delaware Practice, Volume I, § 939).

[19] 25 *Del. C.* § 5717(a) (emphasis added).

[20] *See generally* 25 *Del. C.* §§ 5101-5907.

initial judgment was entered, the three-member panel rendered judgment. Thus, there are no further avenues for review.

B. <u>Grounds for Summary Possession</u>

(12) The JP Court correctly determined that Respondent had sufficient grounds to initiate and prevail in a summary possession action. The Delaware Landlord-Tenant Code "regulates all legal rights and remedies that stem from a residential rental agreement."[21] Noncompliance with a reasonable rule written in the lease concerning use and occupation of the premises is a recognized ground under the Delaware Landlord-Tenant Code for maintaining an action for summary possession.[22] Respondent complied with the requirements of 25 *Del. C.* § 7016(b)(2) in terminating the lease and initiating the action for summary possession. Moreover, the JP Court applied the correct burden of proof and found that Respondent met their burden by a preponderance of the evidence. Accordingly, the JP Court did not "proceeded illegally or manifestly contrary to law"[23] in determining that there were sufficient grounds to grant summary possession of the Property to Respondent.

---

[21] *Metrodev Newark, LLC*, 2010 WL 939800, at *6; 25 *Del. C.* § 5101(a).
[22] 25 *Del. C.* § 5702(11); 25 *Del. C.* § 7018(a); 25 *Del. C.* § 7024(a)(2); 25 *Del. C.* § 7016(b)(2).
[23] *Christiana Town Ctr.*, 865 A.2d 521, at *2.

C. Evidentiary Contentions

(13) On Certiorari review, this Court cannot disturb the finding below that certain evidence was not relevant when there is no indication that that the JP Court committed an error of law, proceeded irregularly or exceeded its jurisdiction in applying the Delaware Rules of Evidence.[24] The Delaware Supreme Court has stated in the context of discussing Superior Court certiorari review of a JP Court decision that, "[i]n the summary possession statute, the General Assembly could not have been clearer that summary possession cases should end quickly without further evidentiary review."[25]

(14) Here, the JP Court determined that the evidence relating to the residency applications and fair housing law was not relevant because the applications were not submitted until several months after the summary possession action was initiated. The Court will "not weigh evidence or review the [JP Court's] factual findings."[26] While Petitioner may disagree with the JP Court's relevancy determination, there are no fundamental errors on the face of the record. Therefore, Petitioner's evidentiary contentions and the application of allegedly relevant disability accommodation statutes are not the proper subject of certiorari review.

---

[24] The Delaware Rules of Evidence apply to JP Court. *See* D.R.E. 1100.
[25] *Maddrey v. Justice of Peace Court 13*, 956 A.2d at 1214.
[26] *Christiana Town Ctr., LLC v. New Castle Cnty.*, 865 A.2d at 521.

9

# CONCLUSION

(15)   After a careful review of the face of the record, the Court holds that the JP Court did not exceed its jurisdiction, commit errors of law, or proceeded irregularly Accordingly, Petitioner's complaint for a writ of certiorari is **DISMISSED** and the stay of eviction is lifted.

**IT IS SO ORDERED.**

_/s/Mark H. Conner_
Mark H. Conner, Judge

cc: Prothonotary