IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF THOMAS MILLER § No. 317, 2022
FOR A WRIT OF CERTIORARI §
§
Submitted: September 21, 2022
Decided: October 18, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## <u>ORDER</u>

(1) The petitioner, Thomas Miller, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of certiorari. The State filed an answer and motion to dismiss the petition. After careful review, we conclude that Miller's petition must be dismissed.

(2) In 1994, a Superior Court jury found Miller guilty of first-degree unlawful sexual intercourse and second-degree burglary. The Superior Court sentenced Miller to life imprisonment plus eight years. On direct appeal, this Court affirmed the Superior Court's judgment.[1] Miller subsequently filed unsuccessful motions for postconviction relief and extraordinary writs.[2]

---

[1] *Miller v. State*, 1995 WL 301379 (Del. May 9, 1995).

[2] *See, e.g., Miller v. State*, 2018 WL 3006123, at *1 (Del. June 14, 2018) (affirming the Superior Court's denial of Miller's motion for correction of illegal sentence); *In re Miller*, 2012 WL 1267971, at *1 (Del. Apr. 12, 2012) (denying petition for a writ of mandamus); *Miller v. State*, 2010 WL 2555084, at *1 (Del. June 25, 2010) (affirming the Superior Court's denial of Miller's fourth motion for postconviction for relief).

(3) On September 2, 2022, Miller filed a petition for a writ of certiorari. He alleges that a year ago he discovered new evidence, a report labelled rape kit and a sexual assault diagnosis, that the prosecutor prevented from going before the jury in 1994. He contends that the trial judge should not have allowed the trial to continue.

(4) A writ of certiorari is an extraordinary remedy that is used to correct irregularities in the proceedings of a trial court.[3] Certiorari is available to challenge a final order of a trial court where the right of appeal is denied, a grave question of public policy and interest is involved, and no other basis for review is available.[4] "Where these threshold requirements are not met, this Court has no jurisdiction to consider the petitioner's claims, and the proceedings will be dismissed."[5]

(5) There is no basis for the issuance of a writ of certiorari in this case. Miller exercised his right to appeal his convictions. If he possesses new evidence creating a strong inference of actual innocence, he can file a motion for postconviction relief under Superior Court Criminal Rule 61. If the Superior Court denies such a motion, then Miller can appeal that denial to this Court. Miller has not shown a denial of his right to appeal, that a grave question of public policy is

[3] *Shoemaker v. State*, 375 A.2d 431, 437 (Del. 1977).
[4] *Id.* at 437-38.
[5] *In re Butler*, 609 A.2d 1080, 1081 (Del. 1992).

involved, or that no other basis of review is available. Because Miller has not met the threshold requirements for the issuance of a writ of certiorari, his petition for a writ of certiorari must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the motion to dismiss is GRANTED and the petition for the issuance of a writ of certiorari is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*_____
Justice