Marian A. HARRIS, Roy L. Wagstaff, John C. Thomas, Kenneth H. Horowitz, Nannie F. Caulk, Paul N. Wilson, H. Blake Wilson, Pauline C. Wilson, William Hodsdon, and Mary Hodsdon, Petitioners,

v.

The MUNICIPAL COURT FOR the CITY OF WILMINGTON and the Honorable Thomas Herlihy, Jr., Chief Judge of said Court, Respondents.

Supreme Court of Delaware.

July 31, 1969.

Rehearing Denied Aug. 20, 1969.

William E. Taylor, Jr. of Taylor & Lindh, Wilmington, for petitioners.

Victor J. Colombo, Asst. City Sol., for Wilmington.

WOLCOTT, Chief Justice, HERRMANN, Justice, and QUILLEN, Judge, sitting.

WOLCOTT, Chief Justice:

The questions here decided arise upon a Petition for a Writ of Prohibition seeking to prevent the Municipal Court of Wilmington from proceeding in a case against ten individuals charged with trespass and conspiracy to trespass in violation of 11 Del.C. §§ 105 and 871. The facts underlying the charges are not involved at this stage of the proceedings but, briefly, they involve a sit-in by the petitioners in the office of a real estate agent in connection with a demonstration for an open housing policy.

Following the filing of the petition, the City Solicitor of Wilmington was permitted to intervene. Upon the petitioners' motion for the issuance of a rule, the following questions arose: (1) Do the petitioners have another adequate remedy by way of Writ of Certiorari issuing from the Superior Court, and (2) In any event, should the application for a Writ of Prohibition directed to the Municipal Court be made in the first instance to the Superior Court?

Petitioners' basis for seeking the writ is their contention that the warrants of arrest under which they were taken into custody were issued without the finding by a judicial officer of probable cause for arrest. Previously, in Caulk v. Municipal Court, Del., 243 A.2d 707, upon application for a Writ of Prohibition by these same petitioners, this court held invalid warrants of

arrest issued by the clerk of the Municipal Court by reason of Giordonello v. United States, 357 U.S. 480, 485, 78 S.Ct. 1245, 2 L.Ed.2d 1503, which requires that a finding of probable cause for arrest may be made only by a neutral and detached judicial officer. We upheld the informations filed in the Municipal Court, however, and pointed out that the prosecutions could continue if valid warrants of arrest were subsequently issued and served on the petitioners.

New warrants, those sought to be attacked in this proceeding, were issued and the petitioners re-arrested on the pending charges. They promptly moved to quash the warrants for alleged lack of probable cause. On June 24, 1969, the motions to quash were denied in the Municipal Court.

Petitioners argue that they have no other remedy to review the propriety of the denial of their motions to quash for the reason that, while an appeal lies from the Municipal Court to the Superior Court, no appeal may be had in these cases because the maximum penalty for the offenses charged is insufficient to make them appealable.*

■ We address ourselves to the first point made by the City Solicitor, viz., that the remedy of a Writ of Prohibition is inappropriate when the petitioner has another adequate remedy.

■ In Canaday v. Superior Court, 10 Terry 332, 116 A.2d 678, we held that the Writ of Prohibition may not be distorted into a writ of review of proceedings which can be reviewed by ordinary appellate process. We recognized, however, that under some circumstances the writ may be allowed even when final appellate review exists when it appears from undisputed facts that a trial court is erroneously assuming personal jurisdiction over a defendant who has not been, nor can be, subjected to the court's jurisdiction. The reason for this apparent exception to the general rule is

the avoiding of unreasonable delay and expense in defending an action which later will be declared a nullity. See, also, Matushefske v. Herlihy, Del., 214 A.2d 883, in which prohibition was granted against a Justice of the Peace proceeding with criminal charges instituted by himself and as to which he personally was disqualified. In such instances the question of the adequacy of the remedy by appeal after final judgment is always addressed to the sound discretion of the court. Knight v. Haley, 6 W.W.Harr. 366, 176 A. 461.

Do these petitioners have an adequate remedy to review the correctness of the Municipal Court's refusal to quash the warrants of arrest in the absence of a right to appeal? We think they have. This remedy is found in a petition to the Superior Court for a Writ of Certiorari which brings before the Superior Court the record of the cause in the Municipal Court to correct any errors of law appearing therein. 1 Woolley, Delaware Practice, § 896; Schwander v. Feeney's, 3 Terry 198, 29 A.2d 369. Since the complaints and warrants attacked by these petitioners are part of this record, any error of law appearing in them may be corrected by this means.

This being so, should we, nevertheless, in our sound discretion permit the question to be raised before us in advance of trial? We think not. Trial of this matter has already been too long delayed, largely by reason of legal maneuvers initiated by the petitioners. The administration of justice, we think, will be better served by following orderly procedures, rather than by avoiding them by fragmentary appeals addressed to the sufficiency of process and similar questions. We will not distort the Writ of Prohibition into a writ of review of interlocutory orders in criminal proceedings which, basically, is what petitioners seek us to do. Since our Constitution gives no right of appeal in criminal cases until

---

* Article IV, § 28 of the Delaware Constitution, Del.C.Ann. grants the right of appeal only if the sentence is in excess of 30 days' imprisonment or a fine in excess of $100.00.

after final judgment, we will adhere to this constitutionally established policy, and avoid piecemeal review in criminal cases. Hodsdon v. Superior Court, Del.Sup., 239 A.2d 222.

If it be said that this conclusion is contrary to the course we followed in the *Caulk* case, we must agree. We think in that case we improvidently issued the writ; but, in explanation, it must be said that the precise point was not raised. In addition, we thought that the result would speed up the final disposition of the cases but, apparently, it has wholly failed in that respect.

We conclude, therefore, that these petitioners have another adequate remedy to review the decision of the Municipal Court, and that prohibition should not issue. This conclusion makes it unnecessary for us to reach the second point raised in this case.

The petition will be dismissed.