**Marian L. HARRIS et al., Plaintiffs in Error Below, Appellants,**

v.

**STATE of Delaware, Defendants in Error Below, Appellees.**

Supreme Court of Delaware.

May 23, 1972.

William E. Taylor, Jr., Wilmington, for appellants.

Victor J. Colombo, Asst. City Sol. and Deputy Atty. Gen., Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from a decision by the Superior Court on a writ of certiorari affirming Municipal Court convictions of trespass and conspiracy and, at the same time, remanding for the purpose of imposing a legal sentence.

The facts are fully stated in Caulk v. Municipal Court, Del., 243 A.2d 707 (1968) and Harris v. Municipal Court, 256 A.2d 674 (Del.Supr., 1969).

We regard as unmeritorious the points raised in this appeal and, accordingly, will affirm the lower court's decision.

Harris argues that the allegations of the complaints are merely conclusory allegations, and thus fail to state with specificity the facts constituting probable cause. However, the complaints reveal affirmative allegations derived from personal knowledge of the matters complained of plus a sufficient factual narrative which informs a reasonable man that a crime has been committed.

The second argument is that the Municipal Court had no jurisdiction over the appellants when it charged and sentenced them under 11 Del.C. § 871, as amended. It is claimed that the statute is an *ex post facto* law since its provisions were not in effect at the time the alleged acts took place. It is argued that where there is a repeal by amendment of a penal statute without a saving clause, there can be no prosecution or punishment under the amended statute for violations occurring prior to the amendment. 22 C.J.S. Criminal Law § 27b(1) (1961).

However, Delaware has adopted the position that where an amendment substantially increases penal sanctions, a saving clause, in the absence of legislative intent to repeal, must be implied. Thus, such an amendment will not operate to repeal the existing statute, or bar pending prosecutions for violations thereof prior to the effective date of the amendment. State v. Patnovic, 11 Terry 310, 129 A.2d 780 (Del. Super., 1957). The argument is therefore without merit.

Next, it is argued that it was error for the Superior Court to neither affirm nor reverse, and to remand for correction of the sentence. We think, however, it would fly in the face of prudence to restrict 11 Del.C. § 5716 so as to permit only a reversal in toto as opposed to the more sensible order of reversing and remanding just such part of the judgment which is defective. The legislative intent inherent in the statute, in our opinion, does not mandate a nullification of all findings of fact and law where error may be cured upon remand.

Finally, there is no merit in the appellant's position that once a writ of prohibition has been granted, there cannot be a subsequent subjection to a charge of conspiracy to trespass in addition to the original trespass claim when no additional facts are developed. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), is inapposite since, in the case at bar, there was neither a successful attack upon a conviction nor a consequent new trial terminating in the imposition of a sentence. On the contrary, the submission of another complaint before trial, charging a crime related to those for which warrants had already been issued, does not, in our opinion, result in a denial of due process under the Fourteenth Amendment or expose the suspect to double jeopardy.

The judgment below is affirmed.