Louis GOLDSTEIN, Defendant
Below, Appellant,

v.

CITY OF WILMINGTON, Plaintiff
Below, Appellee.

Louis GOLDSTEIN, Petitioner
Below, Appellant,

v.

MUNICIPAL COURT FOR the CITY OF
WILMINGTON, and Judge Carl Gold-
stein, Respondents Below, Appellees.

Supreme Court of Delaware.

Submitted: Aug. 22, 1991.
Order Issued: Sept. 6, 1991.
Motion for Reargument (No. 147,
1991): Sept. 23, 1991.
Opinion Issued: Oct. 9, 1991 *.

Victor F. Battaglia and Philip B. Bar-
toshesky of Biggs and Battaglia, Wilming-
ton, for appellant.

Donald L. Gouge, Jr. of Heiman, Aber &
Goldlust, Wilmington, and Michael P. Reyn-
olds of City of Wilmington Law Dept., for

* With the issuance of this Opinion, the Order    dated September 6, 1991 is hereby withdrawn.

appellees City of Wilmington, Municipal Court for the City of Wilmington and Judge Carl Goldstein.

Before CHRISTIE, C.J., HORSEY and MOORE, JJ.

HORSEY, Justice:

In this consolidated appeal, the appellees filed a motion to affirm and this Court thereupon issued a notice to appellant to show cause why the appeals should not be dismissed because each appeal in this criminal matter is taken from an order that is interlocutory. The appellant filed a response to the notice opposing dismissal, contending that each of the appeals is taken from a "final" order of Superior Court, and the appellee, on direction of this Court, filed an answer, agreeing with appellant's position in each case that each of the orders appealed is "final." Appellee then renewed its contention that this Court should affirm the decision below in each of the appeals; appellant also filed a motion to correct its notice of appeal in No. 191, 1989, in the manner set forth therein, and this Court granted appellant's motion, to which appellee consented.

The Court's accompanying notice to show cause in appeal No. 191, 1989 directed appellant:

in particular, to explain why this Court should review Superior Court's dismissal of two of his convictions in Municipal Court when it appears that Superior Court has retained jurisdiction over four of [defendant's] remaining convictions, that is, Counts 0710, 0711, 0712, and 0715.

The Court's notice in appeal No. 147, 1991 also directed appellant:

in particular, to explain why this Court should review Superior Court's dismissal of five of his convictions in Municipal Court when it appears that Superior Court has retained jurisdiction over four of [defendant's] remaining convictions, that is, Counts 0710, 0711, 0712, and 0715.

The within consolidated appeals seek review of defendant's trial and conviction in Municipal Court of *two* of nine counts of violations of City of Wilmington building and health codes. The trial commenced on December 21, 1988 and was completed on January 4, 1989. Defendant was found guilty of all nine counts by decision of Municipal Court dated March 31, 1989. After sentence was imposed on defendant on April 19, 1989, defendant filed an immediate appeal of *all nine* convictions in Superior Court, seeking a trial *de novo*.

Superior Court, by decision and order dated April 19, 1989, affirmed Municipal Court's denial of defendant's motion for bond and for stay of execution of the two 30–day sentences imposed upon defendant for violation of counts 0708 and 0714. As to those counts, Superior Court ruled that there was "no right of appeal" to Superior Court, statutory or constitutional. *Marker v. State*, Del.Supr., 450 A.2d 397, 399 (1982). Defendant then docketed in this Court appeal No. 191, 1989 on May 10, 1989. The appeal is limited to the court's rulings concerning counts 0708 and 0714, amended by this Court's Order dated August 22, 1991. By consent of the parties, this Court stayed the appeal pending the decision of the Superior Court on defendant's petition for writ of certiorari to Superior Court, also filed April 19, 1989. The stay was lifted upon the docketing of appeal No. 147, 1991.

On April 19, 1989, Goldstein filed in Superior Court a petition for writ of certiorari to review his Municipal Court convictions and sentences on counts 0708 and 0714. The writ was granted and Goldstein posted the required bond. Thereafter, the respondent City of Wilmington moved to dismiss and remand defendant Goldstein's appeal of the remaining seven convictions on various grounds. Superior Court, by decision and order dated January 7, 1991, dismissed defendant's petition for writ of certiorari and affirmed his conviction and 30–day sentences (suspended) upon counts 0708 and 0714. Defendant docketed appeal No. 147, 1991 on April 19, 1991, following Superior Court's denial of reargument on March 20, 1991, and that court's later order dated April 17, 1991. By the latter order, Superi-

or Court retained jurisdiction for trial *de novo* of defendant's conviction of four counts: 0710, 0711, 0712 and 0715 (the fines for each of which exceeded $100, and as to two of which counts defendant received a term of incarceration of six months, suspended for probation); remanded counts 0708 and 0714 to Municipal Court for execution of sentence, unless appealed within five days to this Court; and remanded, without reservation, counts 0709, 0713 and 0716 for execution of sentence.

In appeal No. 191, 1989, appellant misconstrues Superior Court's decision and order dated April 19, 1989, from which the appeal is taken as a "final order." Such decision is not a final decision or final order in form or substance. The appeal docketed by defendant-appellant in Superior Court is an appeal of *all nine* convictions rendered by Municipal Court by decision dated March 31, 1989, and from which defendant seeks a trial *de novo* in Superior Court. (See paragraph (1) of this Court's Order dated August 14, 1991 granting appellee's motion to strike.) The fact that defendant-appellant has chosen to limit his appeal to this court to two of his Municipal Court convictions does not alter the fact that Superior Court has retained jurisdiction, for purposes of trial *de novo*, over four of the remaining convictions, that is, defendant's convictions in Municipal Court of counts 0710, 0711, 0712 and 0715. Appellant so concedes in his opening brief dated July 12, 1991, footnote 1, which states:

> Trial de novo with respect to convictions on four other counts (one of which concerns a different violation at 704 Monroe Street on the same date as which is the subject of this appeal) is pending in the Superior Court. Informations were filed dated July 10, 1990. (A–108).

Appellant's answer to the notice to show cause in appeal No. 191, 1989 is not a candid, direct and full response, as is required. Appellant's statement, "There is nothing further for the Superior Court to determine with respect to these case (sic) on appeal to this Court," begs the question of the finality of Superior Court's order dated April 19, 1989 for purposes of appeal.

Defendant's notice of appeal in appeal No. 147, 1991 states that the appeal is taken

> from the portion of the final order of the Superior Court dated April 7, 1991 [sic] [denying defendant-petitioner's] Petition for Writ of Certiorari and the Opinion of that Court dated January 7, 1991 on the Petition for Writ of Certiorari and the Opinion and Order of the Superior Court dated March 20, 1991 denying Petitioner's Motion for Reargument of the January 7, 1991 Opinion.

As noted above, Superior Court, by its April 17, 1991 order, expressly retained jurisdiction for trial *de novo* of defendant's convictions in Municipal Court of four counts, more particularly described above. Appellant's answer to the notice to show cause in appeal No. 147, 1991 states that "[c]onfusion has occurred because the opinion and order of the Court below disposed of both the Petition for Certiorari and [the appellee City of Wilmington's motion to dismiss defendant's appeal of seven of his nine Municipal Court convictions]." Defendant asserts that his appeal from Superior Court's rulings on his petition for writ of certiorari is unrelated to, and does not encompass, Superior Court's retained jurisdiction for trial *de novo* of his convictions in Municipal Court of counts 0710, 0711, 0712 and 0715. Defendant thereby disregards the scope of Superior Court's order dated April 17, 1991 from which his appeal is taken.

Superior Court's order dated April 17, 1991 is clearly an interlocutory, and not a final, order inasmuch as the order disposes of less than all of the convictions appealed by defendant. The court's April 17th order is not a final order because the order expressly contemplates additional proceedings in Superior Court upon defendant's appeal of his Municipal Court convictions.

An order is final and ripe for appeal when "the trial court has clearly declared its intention that the order be the court's 'final act' in a case." *Moskowitz v. Moskowitz*, Del.Supr., [588 A.2d 1142 (Table) ] Nos. 413 and 441, 1990, Moore, J. at 3 (Mar. 4, 1991) (ORDER) (citing *J.I. Kislak Mortgage Corporation of Delaware*

*v. William Matthews Builders, Inc.,* Del. Supr., 303 A.2d 648, 650 (1973)).

*Wheeler v. Wheeler,* Del.Supr., 599 A.2d 414, Horsey, J. (1991) (ORDER).

█ This Court lacks jurisdiction to hear an interlocutory appeal in a criminal case. *State v. Cooley,* Del.Supr., 430 A.2d 789 (1981). This Court's jurisdiction in criminal cases is limited to the review of a final order. *Rash v. State,* Del.Supr., 318 A.2d 603 (1974). Neither of the Superior Court's orders which are the subject of the within appeals is a final order.

For the reasons stated, appellee's motion to affirm is moot.

\* \* \*

Each of the within consolidated appeals is dismissed, through this Court's acting *sua sponte;* and appellee's motion to affirm is denied, as moot.

\* \* \*

## ON MOTION FOR REARGUMENT

### (No. 147, 1991)

Appellant, petitioner-below, has moved for reargument of this Court's order of September 6, 1991 dismissing his consolidated appeal. Appellant asserts that his petition to the Superior Court for writ of certiorari initiated a civil action, new and separate from the underlying criminal case; that the Superior Court's Memorandum Opinion and Order dated January 7, 1991 was a "final judgment" with regard to this civil action; and that this Court therefore has jurisdiction to hear his appeal under Article IV § 11(1)(a) of the Delaware Constitution.

Appellant contends that appeal No. 147, 1991, consisting of that portion of this consolidated appeal arising from the Superior Court's dismissal of his petition for writ of certiorari, is considered as a civil cause for purposes of this Court's jurisdiction. Appellant seeks review of convictions on two counts of criminal violations of City of Wil-

mington building and health codes. Appellant asserts that despite the underlying criminal nature of this case, a new and separate civil action was created by his petition to the Superior Court for writ of certiorari, authorized by 11 *Del.C.* § 5716.[1] Appellant analogizes to a petition for writ of habeas corpus, which has been held to create a collateral civil action. *In re Dean,* Del.Supr., 251 A.2d 347 (1969).

█ However, a petition for writ of certiorari is merely a procedure for securing limited review of lower court decisions. Under our law of certiorari, review is generally confined to jurisdictional matters, error of law or irregularity of proceedings which appear on the face of the record. *Shoemaker v. State,* Del.Supr., 375 A.2d 431, 437 (1977); *see Woolley on Delaware Practice* §§ 896, 897, 907; 14 Am.Jur.2d *Certiorari* § 2 ("certiorari is in the nature of an appellate process; it is a method of obtaining review, as contrasted to a collateral assault"). The petition does not create a new and separate action, nor does it transform a matter from criminal to civil. This case is therefore a "criminal cause" within Article IV § 11(1)(b), and this Court's jurisdiction in criminal appeals is limited to review of a "final judgment" of Superior Court. *Rash v. State,* Del.Supr., 318 A.2d 603 (1974); *see Harris v. Municipal Court,* Del.Supr., 256 A.2d 674, 675 (1969).

█ As appellant asserts, the January 7th opinion and order of the Superior Court may have disposed of appellant's petition for certiorari. That fact alone, however, does not suffice to constitute that order a "final judgment" sufficient to invoke our appellate jurisdiction when in fact it was not the final order entered in the proceedings. Indeed, Superior Court's final order, from which appeal No. 147, 1991 is taken, was, as previously noted, the order dated April 17, 1991, under which Superior Court retained jurisdiction for trial *de novo* of defendant's appeal of his conviction of four

---

1. 11 *Del.C.* § 5716 provides, in pertinent part:
   **§ 5716. Certiorari.**
   Proceedings of the Municipal Court for the City of Wilmington shall be subject to revision

by the Superior Court in and for New Castle County upon writs of certiorari....

counts of building and health code violations. Thus, appellant's petition for review under 11 *Del.C.* § 5716 constitutes just one facet of the appeal remaining pending within Superior Court. As we stated in *Harris:*

> We will not distort the Writ of Prohibition into a writ of review of interlocutory orders in criminal proceedings which, basically, is what petitioners seek us to do. Since our Constitution gives no right of appeal in criminal cases until after final judgment, we will adhere to this constitutionally established policy, and avoid piecemeal review in criminal cases.

*Harris,* 256 A.2d at 675–76 (citing *Hodsdon v. Superior Court,* Del.Supr., 239 A.2d 222 (1968)). The decision and order of Superior Court sought to be reviewed is clearly interlocutory, and this Court has no jurisdiction to review it. *Rash,* 318 A.2d 603; *Castner v. State,* Del.Supr., 311 A.2d 858 (1973).

\*　　\*　　\*

Appellant's Motion for Reargument is denied.