# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| **RICHARD L. ABBOTT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **C.A. No. N16A-09-009 FWW** |
| | ) | |
| | ) | |
| **DELAWARE STATE PUBLIC** | ) | |
| **INTEGRITY COMMISSION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Submitted: November 6, 2017
Decided: February 28, 2018

Upon Petitioner's Writ of *Certiorari* Regarding the Decision of the Delaware State
Public Integrity Commission:
**AFFIRMED.**

## OPINION AND ORDER

Richard L. Abbott, Esquire, Abbott Law Firm, 724 Yorklyn Road, Suite 240, Hockessin, Delaware 19707; *Pro Se* Plaintiff.

Deborah J. Moreau, Esquire, Delaware State Public Integrity Commission, 410 Federal Street, Suite 3, Dover, Delaware 19901; Attorney for Defendant.

**WHARTON, J.**

## I. INTRODUCTION

Plaintiff Richard L. Abbott ("Abbott") Filed a Complaint alleging "claims for a common law *Certiorari* Appeal and for Declaratory Judgment" challenging Defendant Delaware State Public Integrity Commission's ("PIC") decision.[1] Abbott contends that the PIC exceeded its jurisdiction and erred as a matter of law when it concluded that it did not have personal jurisdiction over Jennifer-Kate Aaronson, Esquire—the subject of Abbott's PIC complaint. Abbott further argues that the PIC's conclusion that it lacked subject matter jurisdiction for failure to allege an appearance of impropriety was an error of law.

On *certiorari* review, the Court must determine whether the PIC: (i) exceeded its jurisdiction; (ii) proceeded illegally or manifestly contrary to law, or (iii) proceeded irregularly. Upon consideration of the pleadings before the Court, the record below, and argument, the Court finds that the PIC did not exceed its jurisdiction, proceed illegally or manifestly contrary to law, or proceed irregularly. Accordingly, the PIC's decision is **AFFIRMED**.

## II. FACTUAL AND PROCEDURAL CONTEXT

Plaintiff Abbott is a Delaware-barred attorney subject to the jurisdiction of the Delaware Supreme Court and the Office of Disciplinary Counsel ("ODC").[2] Abbott

---

[1] Complaint, D.I. 1.
[2] Def.'s Ans. Br., D.I. 30, at 3.

2

was referred to the ODC by Vice Chancellor Glasscock, a member of the bench in the Court of Chancery, to determine whether he had violated the Delaware Lawyer's Rules of Professional Conduct.[3] Jennifer-Kate Aaronson ("Aaronson"), ODC's Chief Counsel, was charged with the Abbott investigation.[4] It is Aaronson's investigation which led to Abbott's complaint against Aaronson with the Delaware State Public Integrity Commission.[5]

The PIC is an administrative agency charged with the oversight and enforcement of 29 *Del. C.* Ch. 58, the State Employees', Officers' and Officials' Code of Conduct (the "State Ethics Code").[6] The purpose of the State Ethics Code is to guide government employees in the performance of their official duties while also increasing Delaware's citizens' confidence in their government.[7] It is the duty of the PIC to refer to PIC Counsel investigation of any alleged violation of the State Ethics Code.[8] The PIC then makes a determination on how to proceed with a Complaint, be it disciplinary action or dismissal.[9]

On July 22, 2016, Abbott filed a Complaint with the PIC alleging that Aaronson violated the Appearance of Impropriety standard, 29 *Del. C.* §5806(a), of

---

[3] Plf.'s App. to Op. Br., D.I. 29, Ex. 4, at 2.
[4] *Id.* at 1.
[5] *Id.* at 2.
[6] Def.'s Ans. Br., D.I. 30, at 3.
[7] 29 *Del. C.* § 5802.
[8] 29 *Del. C.* § 5809(3).
[9] *Id.*

3

the State Ethics Code in the course of her investigation and prosecution of Abbott.[10] The Appearance of Impropriety standard is derived from 29 Del. C. § 5806(a), which provides in pertinent part that "[e]ach state employee…shall endeavor to pursue a course of conduct which will not raise suspicion among the public that such state employee…is engaging in acts which are in violation of the public trust and which will not reflect unfavorably upon the State and its government."[11] Abbott alleged that Aaronson was a state employee within the meaning of § 5806(a),[12] and that Aaronson's investigation of Abbott's conduct had the Appearance of Impropriety because she was "flaunting her position to carry out the personal vendetta campaign of her fellow Judicial Branch member" and was motivated by her own professional judicial ambitions.[13]

On August 24, 2016, the PIC dismissed the Complaint for lack of jurisdiction and failure to properly allege a violation of the Code of Conduct.[14] According to the PIC, it lacked personal jurisdiction over Aaronson because the alleged conduct took place while Aaronson was performing her professional duties as both an attorney and as a state employee of the judicial branch, specifically the ODC.[15] Aaronson's

---

[10] Plf.'s Op. Br., D.I. 29, at 5.
[11] 29 *Del. C.* § 5806(a).
[12] Plf.'s Op. Br., D.I. 29, at 5-6.
[13] Def.'s Ans. Br., D.I. 30, at 3.
[14] Plf.'s App. to Op. Br., D.I. 29, Ex. 4, at 4.
[15] Def.'s Ans. Br., D.I. 30, at 5.

4

attorney status immunized her from the PIC's jurisdiction since attorney conduct is governed by the Delaware Supreme Court.[16] In addition, the PIC decided that even if personal jurisdiction was proper, the Complaint failed to allege that the public would perceive Aaronson to have engaged in an appearance of impropriety.[17] Aaronson's purported professional ambition, as well as the fact that others in Aaronson's position became judges was insufficient to substantiate the allegation of a public perception of impropriety.[18]

On September 21, 2016, Abbott initiated a "Common Law *Certiorari* appeal" of the PIC's decision.[19] However, on October 27, 2016, the PIC issued an Amended Decision in which it undertook a "Reconsideration" of the Complaint and rendered a new determination.[20] That decision held that "the Commission also found a lack of jurisdiction because ODC does not meet the Code of Conduct's definition of state agency. 29 *Del. C.* § 5804(11)".[21] On October 31, 2016 a judge of this court ordered that the Writ of *Certiorari* be allowed and ordered a return within 20 days of its issuance by the Prothonotary.[22] On November 3, 2016, the New Castle Prothonotary issued "(2) writs" to the Kent Count Prothonotary to serve the PIC with the

---

[16] *Id.*
[17] *Id.*
[18] Plf.'s App. to Op. Br., D.I. 29, Ex. 4, at 4.
[19] Plf.'s Op. Br., D.I. 29, at 15.
[20] *Id.*
[21] Def.'s Ans. Br., D.I. 30, at 2.
[22] D.I. 10.

5

Complaint.[23]  The PIC was served on November 14th.[24]  On November 22nd, Abbott filed an Amended Complaint, addressing the PIC's October 27th Amended Decision.[25]  The PIC submitted the Record on November 23rd in response to the Writ of *Certiorari*.[26]

## III. THE PARTIES CONTENTIONS

Abbott contends that the PIC exceeded its jurisdiction and erred as a matter of law in rendering its Decision.  In particular, Abbott first takes aim at the PIC's ruling that it lacked personal jurisdiction over Aaronson due to her status as an attorney, the Supreme Court's power to regulate attorney conduct, and the Separation of Powers Doctrine.[27]  Abbott argues that the PIC is without authority to decide that its enabling statute is unconstitutional, and consequently must exercise the mandatory jurisdiction delegated to it by the General Assembly.[28]  Abbott next argues that the PIC was without jurisdiction to issue the Amended Decision.[29]  The PIC, according to Abbot, was divested of further jurisdiction of the matter upon the filing of the Complaint in this Court.[30]  Abbott then argues that Aaronson is a State

---

[23] D.I. 4.
[24] D.I. 3.
[25] D.I. 5.
[26] D.I. 7.
[27] Plf.'s Op. Br., D.I. 29, at 10-15; 32.
[28] *Id.* at 11, 32.
[29] *Id.* at 15-16.
[30] *Id.*

employee subject to PIC jurisdiction, and the PIC erred in concluding otherwise.[31] Lastly, Abbott maintains that the PIC erred in concluding that it lacked subject matter jurisdiction because the Complaint provides sufficient facts to allege an Appearance of Impropriety.[32] As a result of the PIC's errors of law and because it exceeded its jurisdiction, Abbott requests that this Court reverse the PIC's Decision and Amended Decision, and remand for further proceedings.[33]

In response, the PIC first argues that it did not exceed its jurisdiction. Rather, it declined to exercise jurisdiction and was within its legal authority and obligation to so decide.[34] Second, the PIC contends that it did not commit legal error in reaching its Decision and Amended Decision.[35] According to the PIC, it was served notice of Abbott's *Certiorari* Complaint on November 3, 2016 (after the Amended Decision), therefore it had jurisdiction—and was not in error—to amend its Decision until that time.[36] The PIC also argues that its Decision that it did not have personal jurisdiction over Aaronson was not in error because court employees are not regulated under the State Code of Conduct.[37] Additionally, even if Aaronson was subject to the Code of Conduct, her status as a lawyer would conflict with the Code's

---

[31] *Id.* at 17-25.
[32] *Id.* at 26-29.
[33] *Id.* at 32.
[34] Def.'s Br., D.I. 30, at 9-12.
[35] *Id.* at 12.
[36] *Id.* at 12-13.
[37] *Id.* at 13.

applicability.[38] Lastly, according to the PIC, Abbott's Complaint lacked facts from which it could conclude that Aaronson engaged in conduct which created an Appearance of Impropriety.[39] Therefore it did not err in dismissing the Complaint for failure to properly allege a violation of the Code of Conduct.[40] The PIC, based upon its proper exercise of jurisdiction and error free Decisions, requests this Court to affirm the dismissal of Abbott's Complaint.

## IV. STANDARD OF REVIEW

Abbott has no right of appeal from a decision of the PIC under the Administrative Procedures Act or any other statute.[41] The purpose of a writ of *certiorari* is to permit this Court to review the record of a proceeding decided by a lower tribunal.[42] The Supreme Court has long made clear that "a writ of certiorari is not a substitute for, or the functional equivalent of, an appeal."[43] The standard for reviewing a petition for a writ of certiorari is "strictly limited"[44]: the reviewing court

---

[38] *Id.* at 14 -17.
[39] *Id.* at 17-18.
[40] *Id.*
[41] *See* 29 *Del. C.* § 1001, *et. seq.*
[42] *Christiana Town Ctr., LLC v. New Castle Cnty.*, 2004 WL 2921830, at *2 (Del. Dec. 16, 2004).
[43] *Black v. New Castle Cty. Bd. of License*, 117 A.3d 1027, 1030 (Del. 2015) (quoting *Maddrey v. Justice of the Peace Court 13*, 956 A.2d 1204, 1213 (Del.2008)) (internal quotation marks omitted).
[44] *See id.* (quoting *Matter of Butler*, 609 A.2d 1080, 1081 (Del.1992)).

"may not weigh evidence or review the lower tribunal's factual findings.[45] Likewise, the reviewing court may not "consider the case on its merits."[46] The Supreme Court has observed, that "[u]nder principles of law well established in this State, certiorari involves a review of only such errors as appear on the face of the record being considered."[47]

By its nature, the extent of the record appropriate for review on a writ of *certiorari* is limited: A *certiorari* proceeding differs fundamentally from an appeal in that the latter brings the case up on its merits while the ... (former) brings up the record only so that the reviewing court can merely look at the regularity of the proceedings.[48] The proper record for review is limited to the complaint initiating the proceeding, the answer or response (if required), and the docket entries.[49] Any "evidence received in the inferior court is not part of the record to be reviewed."[50]

---

[45]*See id.* at 1031 (quoting *Reise v. Bd. of Bldg. Appeals of City of Newark*, 746 A.2d 271, 274 (Del.2000); *see also 395 Assocs. v. New Castle Cnty.*, 2006 WL 2021623, at *8 (Del.Super. July 19, 2006) ("The Court 'may not review the substantive decisions' nor may it 'correct a mistake of facts or an erroneous conclusion from the facts, even though the [tribunal's] interpretation of the facts or law may have been erroneous.'")).

[46] *See id.* (quoting *Christiana Town Ctr., LLC v. New Castle Cnty.*, 2004 WL 2921830, at *2 (Del.2004)).

[47] *See id.* (quoting *Maddrey*, 956 A.2d at 1215).

[48] *See id.* (quoting *Shoemaker v. State*, 375 A.2d 431, 437 (Del.1977) (internal quotation marks omitted).

[49] *See id.* (quoting *Maddrey*, 956 A.2d at 1216) (internal quotation marks omitted).

[50] *See id.* (quoting *Du Pont v. Family Ct. for New Castle Cnty.*, 153 A.2d 189, 194 (Del.1959)).

The reviewing court is then limited to determining based on that limited record whether the lower tribunal: "(i) exceeded its jurisdiction;" (ii) "proceeded illegally or manifestly contrary to law"; or (iii) "proceeded irregularly."[51] Unless the Plaintiff can so demonstrate, the Court shall uphold the decision below.

## V. DISCUSSION

**I.  UPON FILING THE *CERTIORARI* APPEAL, THE PIC WAS DIVESTED OF JURISDICTION TO AMEND ITS DECISION, THERFORE THE COURT'S REVIEW IS LIMITED TO THE PIC'S DECISION.**

The Court first addresses the question when the PIC was divested of jurisdiction because such a determination tailors the Court's review. A petition for writ of *certiorari*, like an appeal, is a procedure for securing review of a decision below.[52] A writ of *certiorari* is "not a substitute for, or the functional equivalent of, an appeal."[53] However, *certiorari* is in the nature of the appellate process.[54] Therefore, though they are not equivalent, *certiorari* and appeal are analogous processes. The perfection (filing) of an appeal from the Superior Court to the Supreme Court divests the Superior Court of jurisdiction over the action absent a

---

[51] See *id.* (quoting *Christiana Town Ctr., LLC v. New Castle Cnty.*, 2004 WL 2921830, at *2 (Del. Dec. 16, 2004)).

[52] *Goldstein v. City of Wilmington*, 598 A.2d 149, 152 (Del. 1991); see also *Woolley on Delaware Practice* §900.

[53] *Black*, 117 A.3d at 1030 (Del. 2015) (quoting *Maddrey*, 956 A.2d at 1213).

[54] 14 Am. Jur.2d *Certiorari* § 2.

10

remand.[55] Similarly the filing of a complaint in *certiorari* will divest the lower body of jurisdiction when the complaint is filed.

Abbott filed his Complaint on September 21, 2016.[56] The PIC issued its Amended Decision—that the PIC also lacked jurisdiction over Aaronson because ODC did not meet the Code of Conduct's definition of State agency—on October, 27, 2016.[57] It follows then that upon the filing of Abbott's Complaint on September 21, 2016, the PIC was divested of jurisdiction. Accordingly, the PIC lacked jurisdiction to amend its decision. The PIC argues that it was not served notice of the Complaint until November 3rd and could therefore amend its Decision until that time because perfection was not complete until formal notice. However, the PIC cites no law to support its position and the Court finds nothing to support it either. The Court holds that, just as a trial court loses the power to amend its order upon the filing of an appeal because it has lost jurisdiction, so too the PIC lost its power to

---

[55] *Bowen v. EI DuPont de Nemours and Co., Inc.*, 879 A.2d 920, 922 (Del. 2005); *see also Radulski v. Delaware State Hospital etc.*, 541 A.2d 562, 567 (Del. 1998) (Upon filing of an appeal, a trial court loses the power to amend its order; jurisdiction is lost.).

[56] Pl. Opening Br., D.I. 29, at a.

[57] The Amended Decision indicated "[I]n addition to a lack of jurisdiction over Ms. Aaronson due to the Separation of Powers doctrine, the Commission also found a lack of jurisdiction because ODC does not meet the Code of Conduct's definition of State agency. 29 Del. C. § 5804(11)."

amend its decision upon the filing of the Complaint.[58] Accordingly, the Court's

review will be limited to the PIC's August 24, 2016 Decision.

## II. ABBOTT FAILS TO DEMONSTRATE THAT THE PIC EXCEEDED ITS JURISDICTION OR COMMITTED LEGAL ERROR.

### A. The PIC Acted Within Its Jurisdiction.

The PIC did not exceed its jurisdiction because it was within its power to

decide not to exercise jurisdiction over Aaronson. The Supreme Court has generally

held that administrative agencies can determine their own jurisdiction in the first

instance.[59] Additionally, when a statute authorizes an administrative agency to act

in a particular situation or where a mechanism for adequate judicial review is in

place, it is the general rule that an administrative agency may and must determine

whether it has jurisdiction in a particular situation.[60]

Here, the PIC first evaluated whether it had personal jurisdiction over

Aaronson. The PIC acted practically, and in accordance with law, to initially decide

whether Aaronson was subject to the statute before finding whether she was in

violation of it. Furthermore, since 29 Del. C. § 5809(3) authorizes the PIC to

---

[58] *Radulski*, 541 A.2d at 567.
[59] *In re Standard Gas & Elec. Co.*, 16 F.R.D. 221, 223 (D. Del. 1954) (citing *Petroleum Exploration, Inc. v. Public Service Commission of Kentucky*, 304 U.S. 209; *Federal Power Commission v. Metropolitan Edison Co.*, 304 U.S. 375; *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41; Davis, Administrative Law (1951), Chapter 15).
[60] 2 Am. Jur. 2d Administrative Law § 275.

investigate alleged violations and § 5810A allows for appellate review of PIC decisions finding any person in violation of Chapter 58.[61] Therefore, because the PIC is authorized to act and adequate judicial review is in place, the PIC was within is legal power to determine its jurisdiction.

The core of Abbott's claim is that the PIC exceeded its jurisdiction. However, the PIC did not to exercise jurisdiction at all. To the extent that Abbott claims that the PIC exceeded its jurisdiction by answering a Constitutional question, Abbott fails to specify that question, or the facts that from which the Court could evaluate such a claim. Finding it that it did not have jurisdiction over Aaronson is not the same thing as thing as the PIC finding its enabling statute unconstitutional. Therefore, the Court finds that the PIC did not exceed its jurisdiction when it determined not to exercise jurisdiction over Aaronson.

### B. The PIC Did Not Commit an Error of Law in Concluding It Lacked Personal Jurisdiction.

The PIC correctly determined that it does not have personal jurisdiction over Aaronson because attorney discipline is outside the PIC's authority. The PIC is created, authorized, and empowered to oversee and enforce the State Ethics Code.[62] It is the PIC's duty to refer and investigate any State Employee, Officer, or Official

---

[61] It appears that § 5810A limits appellate review to those found in violation of Ch. 58. Since Abbott was not found in violation of Ch. 58, he is limited to *certiorari* review.
[62] 29 *Del. C.* Ch. 58.

13

who is alleged to have violated the State Ethics Code.[63] There is no doubt that Aaronson is a State employee. However, Aaronson is also acting as Disciplinary Counsel. In that respect the PIC does not have authority over her. The PIC's enabling statute, 29 *Del. C.* Ch. 58, has nothing to do with regulating attorneys. Attorney discipline is not addressed in the statute and neither are any other attorney related subjects. Rather, such authority is reserved for and exclusive to the Delaware Supreme Court.

The Supreme Court has the inherent power and authority over the regulation of the legal profession.[64] The Court maintains appropriate standards of professional conduct for all lawyers subject to its jurisdiction, disposes of individual cases of lawyer discipline and disability, and administers the lawyer disciplinary system.[65] The ODC, of which Aaronson is Chief Counsel, is an arm of the Court which assists in the regulation of legal practice by evaluating, investigating, and prosecuting lawyer misconduct.[66] In so acting Aaronson undoubtedly falls under the regulation and authority of the Supreme Court in the performance of her attorney discipline duties. The PIC cannot and does not have the authority to the interject itself into what is exclusively the Supreme Court's domain.

---

[63] 29 *Del. C.* § 5809(3).
[64] *Delaware Lawyers' Rules of Disciplinary Procedure, I. Structure and Scope, Rule 1.*
[65] *Id.*
[66] Sup. Ct. R. 64.

In addition, the practice of law not only seeks to regulate itself, but also strives to insulate itself from the governmental influence at issue. The Delaware Lawyers' Rules of Professional Conduct states, "[s]elf-regulation also helps maintain the legal profession's independence from government domination."[67] If the PIC were to exercise authority over Aaronson, as Abbot argues, it would invade the inherent powers of the Supreme Court, frustrate the ODC's purpose, and destroy the independence the legal profession seeks. Abbott essentially asks the PIC to investigate ODC's investigation of lawyer misconduct. Validating such authority would circumvent the procedure already in place and supplant the Supreme Court's authority over the legal profession. Any attorney under ODC investigation could file a claim with the PIC to thwart the ODC. What Abbott poses is not and may not be the case. The Supreme Court, not the PIC, has authority over attorneys and attorney discipline and such power may not be inhibited. Therefore, the PIC correctly decided that it lacked authority over Aaronson and did not have personal jurisdiction.

### C. The PIC Did Not Commit an Error of Law in Concluding It Lacked Subject Matter Jurisdiction.

The PIC also concluded that it did not have subject matter jurisdiction because the Complaint lacked articulated facts demonstrating a violation of the Code of

---

[67] *Delaware Lawyers' Rules of Professional Conduct, Rule 11.*

15

Conduct. Abbott argues that the PIC erred in misinterpreting the legal standard[68] and that the Complaint sufficiently asserted an appearance of impropriety, a violation of the Code of Conduct.[69]

Abbott alleges a violation of 29 *Del. C.* § 5806(a) which reads "[e]ach state employee...shall endeavor to pursue a course of conduct which will not raise suspicion among the public that such state employee...is engaging in acts which are in violation of the public trust and which will not reflect unfavorably upon the State and its government." The test is regarded as an "appearance of impropriety" standard.

Abbott correctly offers that the appearance of impropriety inquiry is conducted from the point of view of the public informed of all the facts.[70] Abbott seemingly argues that the PIC did not address the public point of view in reaching its conclusion. *Contra* Abbot, in reaching its conclusion, the PIC stated "the Complaint lacks any facts to substantiate the allegation of a *public perception* of impropriety" and "there are no facts to support the conclusion that an appearance of impropriety exists *among the public.*"[71] The PIC, therefore, expressly accounted for public perception and correctly applied the legal standard.

---

[68] Plf.'s Op. Br., D.I. 29, at 26.
[69] *Id.*
[70] *Id.*
[71] Plf.'s App. to Op. Br., D.I. 29, Ex. 4, at 4 (emphasis added).

Abbott also contends that the PIC erred because the Decision ignored the gravamen of the Complaint which asserted an appearance of impropriety.[72] Allegations of an appearance of impropriety require articulated facts sufficient to raise suspicion among the public that such state employee is engaging in acts which are in violation of the public trust and which will not reflect unfavorably upon the State and its government.[73] The PIC comprehensively evaluated Abbott's Complaint. The PIC specifically addressed claims of Aaronson's purported professional ambition, the occupational history of those previously in Aaronson's position, and Aaronson's professional judgment. The PIC found those claims to be the product of speculation and projection. Additionally, the PIC concluded that the entirety of the Complaint was based upon conjecture and colored by Abbott's personal interactions with Aaronson. The PIC, therefore, appropriately addressed the evidence in its entirety and correctly concluded that the Complaint's allegations failed to state sufficient facts to support the appearance of impropriety claim. Accordingly, the PIC did not err in dismissing the Complaint for lack of subject matter jurisdiction.

---

[72] Plf.'s Op. Br., D.I. 29, at 26-28.
[73] 29 *Del. C.* § 5806(a).

# VI. CONCLUSION

The Court finds that the PIC did not exceed its jurisdiction, proceed illegally or manifestly contrary to law, or proceed irregularly. Therefore, the Decision of the Commission is hereby **AFFIRMED**.


**IT IS SO ORDERED.**

_____
Ferris W. Wharton, Judge